In the Matter of the Arbitration of Controversies between Gerald M. VARLEY, doing business Under the Tradename and Style of Varley Textile Associates, Petitioner,

v.

**TARRYTOWN ASSOCIATES, INC.,**
Respondent.

No. 72 Civ. 2440.

United States District Court,
S. D. New York.

July 25, 1972.

Ballon, Stoll & Itzler, by Daniel Cohen, New York City, for petitioner.

Lans, Feinberg & Cohen, New York City, Spruill, Trotter & Lane, by Michael S. Colo, Rocky Mount, N. C., for respondent.

MEMORANDUM

BRIEANT, District Judge.

Respondent resists this motion to confirm a commercial arbitration award made against it for a sum in excess of $10,000.00 pursuant to the rules of the American Arbitration Association. It claims that:

"The Court lacks jurisdiction over this cause for the reason that said

agreement . . . is not an agreement evidencing a transaction involving interstate commerce, but one that merely evidences a transaction between parties of diverse citizenship; and . . . the Court . . . lacks jurisdiction because the parties have not agreed that judgment could be entered upon the award nor that the Court would confirm said award."

These contentions are rejected. The parties entered into an oral contract in New York City. Later, petitioner, a resident alien in this District, reduced the agreement to writing, and added the arbitration clause, mailing the proposed memorandum to respondent's principal office, at Rocky Mount, North Carolina. Petitioner is a technical consultant in a specialized field of textile manufacturing involving yarn and fabric, who renders services in more than one state. Respondent is a corporation which invests in the textile industry. When, at respondent's request, petitioner journeyed to North Carolina, on March 2, 1971, to consult, he refused to render any services until the memorandum letter was signed. Respondent did so, and thereby adopted the arbitration clause which reads as follows:

"Any controversy arising under this agreement or breach thereof shall be settled by arbitration pursuant to the rules of the American Arbitration Association."

 The contract, including the arbitration clause, is an agreement evidencing a transaction involving interstate commerce. The arbitration clause is inseparable. North Carolina statutory or substantive law permitting revocation of the agreement to arbitrate is not in point, and the issues are controlled by "national substantive law". See Altchul Stern & Co. v. Mitsui Bussan Kaisha Ltd., 385 F.2d 158, fn. 1 at p. 159 (2d Cir. 1967) citing Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959); also Monte v. So. Delaware County Authority, 321 F.2d 870, 874 (3rd Cir. 1963).

The contract contemplated performance in New York City, North Carolina and other states, including Maryland and Texas. It contemplates interstate travel, by its terms, with additional travel and per diem reimbursement. Ideas move in interstate commerce just as does tangible merchandise. Petitioner's consultation is his stock in trade. The relationship here involves a sufficient "transaction" to fall within 9 U.S.C. § 4, Dickstein v. duPont, 443 F.2d 783 (1st Cir. 1971). See also, for description of the employment, Dickstein v. duPont, 320 F.Supp. 150, 153.

There being an agreement in writing within the Arbitration Act, the Act provides for entry of a judgment confirming the award (9 U.S.C. § 9). The rules of the American Arbitration Association require the same result, and are incorporated by reference in the agreement of the parties.

The application to confirm the award is granted. Settle judgment on notice.