477 F.2d 208
 In the Matter of the Arbitration of Controversies between
Gerald M. VARLEY, doing business under the
tradename and style of Varley Textile
Associates, Petitioner-Appellee,
v.
TARRYTOWN ASSOCIATES, INC., Respondent-Appellant.
 No. 540, Docket 72-2221.
 United States Court of Appeals,
Second Circuit.
 Argued March 13, 1973.
Decided April 23, 1973.
 
 Michael S. Colo, Rocky Mount, N. C. (Lans, Feinberg & Cohen, New York City and Spruill, Trotter & Lane, Rocky Mount, N. C., of counsel), for respondent-appellant.
 Daniel Cohen, New York City (Ballon, Stoll & Itzler, New York City, of counsel), for petitioner-appellee.
 Before HAYS, MULLIGAN and OAKES, Circuit Judges.
 MULLIGAN, Circuit Judge:
 
 
 1
 This is an appeal from an order and judgment of the United States District Court, Southern District of New York, Charles L. Brieant, Jr., United States District Judge, entered on August 13, 1972, confirming a commercial arbitration award in favor of petitioner, Gerald M. Varley, doing business under the tradename and style of Varley Textile Associates (Varley) against the respondent, Tarrytown Associates, Inc. (Tarrytown) in the sum of $11,000. 346 F. Supp. 331 (1972). Reversed.
 
 
 2
 Varley is a textile consultant who entered into an oral agreement with Tarrytown which agreed to retain his company for a twelve month period at a rate of $1000 per month plus expenses and a per diem fee. Varley reduced the terms to writing in the form of a letter which was mailed to Tarrytown at its home office in Rocky Mount, North Carolina. The letter contained an arbitration clause not previously discussed but accepted by Tarrytown when the agreement was finally executed in North Carolina on March 3, 1971. The clause provided:
 
 
 3
 Any controversy arising under this agreement or breach thereof shall be settled by arbitration pursuant to the rules of the American Arbitration Association.
 
 
 4
 On April 29, 1971 Varley was paid $1000 plus his expenses and Tarrytown advised him that it was terminating the contract. Varley did not agree and on September 23, 1971 submitted the dispute to the American Arbitration Association. On October 20, 1971 Tarrytown advised Varley and the American Arbitration Association that it elected to rescind its agreement to arbitrate under the law of North Carolina which, according to respondent, considers agreements to arbitrate future disputes to be unenforceable and subject to rescission by either party. The arbitration proceeding was held in any event without Tarrytown making any appearance. On May 9, 1972 Varley was awarded $11,000 without interest, in full settlement of all claims. The award was served on Tarrytown and in June 1972, the proceeding below was commenced to confirm the award and for entry of judgment against Tarrytown pursuant to the United States Arbitration Act. 9 U.S.C. Sec. 9.
 
 
 5
 Tarrytown concedes that the law of North Carolina is not applicable and that the United States Arbitration Act creates a national substantive law encompassing all questions of interpretation and construction of arbitration agreements, Coenen v. R. W. Pressprich & Co., 453 F.2d 1209 (2d Cir.), cert. denied, 406 U.S. 949, 92 S.Ct. 2045, 32 L. Ed.2d 337 (1972); Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), cert. dismissed, 364 U.S. 801, 81 S.Ct. 37, 81 S.Ct. 27 (1960), if the Federal Act is applicable. The Act is applicable only if the contract evidences a transaction involving interstate or foreign commerce.* We agree with the court below that this contract did involve interstate commerce and is within the federal statute. It contemplated that Varley would act as a textile consultant throughout the United States and preliminary discussions evidenced the clear expectation that Varley would evaluate plants and fabrics manufactured throughout the country. His per diem was fixed at different rates for services in this country and for those outside the United States. Tarrytown's business was the investment of capital in textile enterprises throughout the country. See Dickstein v. duPont, 443 F.2d 783 (1st Cir. 1971); Metro Indus. Painting Corp. v. Terminal Const. Co., 287 F.2d 382, 387-388 (2d Cir.) (Lumbard, J., concurring), cert. denied, 368 U.S. 817 (1961). Appellant's reliance on personal service contract cases such as Conley v. San Carlo Opera Co., 163 F.2d 310 (2d Cir. 1947) and Hart v. B. F. Keith Vaudeville Exchange, 12 F. 2d 341 (2d Cir.), cert. denied, 273 U.S. 703-704, 47 S.Ct. 97, 71 L.Ed. 849 (1926), is not justified in view of Flood v. Kuhn, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972), which rejected the rationale of Federal Baseball Club v. National League of Professional Baseball Clubs, 259 U.S. 200, 42 S.Ct. 465, 26 L.Ed. 898 (1922), upon which our prior decisions were bottomed.
 
 
 6
 It does not follow however that simply because the contract in issue involves interstate commerce, a federal court has jurisdiction to confirm the award and enter judgment. The Act provides that confirmation of an arbitration award is appropriate only where the parties "in their agreement have agreed that a judgment of the court shall be entered upon the award . . ." 9 U.S.C. Sec. 9. There was no such explicit agreement here but only a clause providing for the settlement of controversies by arbitration pursuant to the rules of the American Arbitration Association. While this is sufficient to incorporate the rules into the agreement, Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268 (2d Cir. 1971); AAA Commercial Arbitration Rules Sec. 1, there is nothing in the rules which indicates that the parties thereby consent to the entry of judgment upon an award.
 
 
 7
 Varley relies upon Sec. 39(b) of the Arbitration Rules which provides:
 
 
 8
 Each party to an agreement which provides for arbitration under these Rules shall be deemed to have consented that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or for the entry of judgment on any award made thereunder may be served upon such party by mail addressed to such party or his attorney at his last known address or by personal service, within or without the state wherein the arbitration is to be held (whether such party be within or without the United States of America), provided that reasonable opportunity to be heard with regard thereto has been granted such party.
 
 
 9
 We construe this simply as a consent to the service of process which is necessary if a court is to obtain jurisdiction over a non-resident party. See, e.g., Reed & Martin, Inc. v. Westinghouse Elec. Corp., supra, 439 F.2d at 1276-1277; Mulcahy v. Whitehill, 48 F.Supp. 917 (D.Mass.1943). However, to be effective here the parties must have further agreed that judgment shall be entered upon the award. The American Arbitration Association itself recommends the following arbitration clause for insertion in all commercial contracts:
 
 
 10
 Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.
 
 
 11
 This language is persuasive that the Association itself does not consider a mere reference to its Rules sufficient to act as a consent to the entry of a judgment by the Court. In view of the explicit language of Sec. 9 of the Act requiring such agreement and finding none, we have no alternative but to reverse.
 
 
 
 *
 9 U.S.C. Sec. 2 provides:
 
 
 A
 written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract