389 F.Supp. 226 (1975)
Application of Abner HARRIS, as President of Fur Dressers Union Local 2F, AMC & BW of NA, AFL-CIO and James Del Cioppo, as President of Fur Floor Workers Union Local 3F, AMC & BW of NA, AFL-CIO, Petitioners,
To Confirm an Arbitration Award and Directing Judgment to be Entered Against STROUDSBURG FUR DRESSING CORP., Respondent.
No. 74 Civ. 5585.
United States District Court, S. D. New York.
February 19, 1975.
*227 Robert Markewich, Markewich, Rosenhaus, Markewich & Friedman, P.C., New York City, for petitioners.
Peter M. Panken, B. Michael Thrope, Parker, Chapin & Flattau, New York City, for respondent.

MEMORANDUM AND ORDER
BRIEANT, District Judge.
By motion brought by order to show cause issued January 24, 1975 and heard on February 6, 1975, petitioners, officials of labor unions, moved to remand this proceeding under New York CPLR § 7510, to confirm an arbitration award, to the New York State Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c). Petitioners assert that these proceedings were removed from state court improvidently and should be remanded because, unlike the state court, this Court lacks subject matter jurisdiction to enter an order confirming the award. Respondent employer opposes remand, and has moved to set aside the award for various reasons, substantive and procedural.
The unions obtained a favorable award from the "Impartial Chairman" of the fur industry, and petitioned, under New York statutory provisions applicable generally to enforcement and correction of arbitration awards, for an order confirming the award and entering a judgment thereon. Respondent employer removed the proceedings to this Court, ex parte, relying on § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1441(a).
Following removal, respondent asserted that this Court lacks jurisdiction of the subject matter, to confirm the arbitrator's award and enter judgment thereon, relying on the doctrine in this Circuit announced in Varley v. Tarrytown Associates, 477 F.2d 208 (2d Cir. 1973). That case held (p. 210):
"It does not follow however that simply because the contract in issue involves interstate commerce, a federal court has jurisdiction to confirm the award and enter judgment. The Act provides that confirmation of an arbitration award is appropriate only where the parties `in their agreement have agreed that a judgment of the court shall be entered upon the award . . .' 9 U.S.C. § 9. There was no such explicit agreement here but only a clause providing for the settlement of controversies by arbitration pursuant to the rules of the American Arbitration Association."
Here, as in most agreements to arbitrate controversies, no express provision exists by which consent to the entry of judgment, or judicial confirmation is found. None is necessary under New York law. The Varley case was later limited by I/S Stavborg v. National Metal Converters, Inc., 500 F.2d 424 (2d Cir. 1974) in which Judge Oakes, a *228 member of the Varley panel, found that an agreement that the arbitrators decision should be "final", coupled with affirmative conduct of the parties, justified a finding of implied consent, sufficient to support federal jurisdiction to confirm the award of arbitrators on a maritime claim. Indeed, one wonders why any party would arbitrate, or agree to do so, unless intending that both parties be bound by a result which would be enforceable in Court. Otherwise, arbitrators are no more than friendly compounders.
It was improvident to remove these proceedings from a state court which had unquestioned jurisdiction to grant full relief on the merits, to a federal court which under Varley, supra, lacked jurisdiction to reach the merits, a fact respondent concedes, and indeed, asserts affirmatively. (Memorandum filed January 22, 1975, p. 30).
Neither § 301 LMRA, nor Avco Corp. v. Aero Lodge 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) prevents exercise by the state courts, at the request of a labor organization, of the power to confirm or modify an arbitration award. Federal policy favors arbitration of such controversies. Textile Workers Union of America v. Lincoln Mills of Ala., 353 U.S. 448, 451, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957). Concurrent state jurisdiction exists, at least as to contract and property rights. Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). There is reason to believe that the industry-wide contract, incorporated by reference by these parties, was drawn with reference to New York law, which made the express consent required in Varley unnecessary.
The action is remanded, without costs. Such remand is stayed for a period of ten (10) days.
So ordered.