**PALEY ASSOCIATES, INC., Petitioner,**

v.

**UNIVERSAL WOOLENS, INC., Respondent.**

No. 77 Civ. 6339 (CHT).

United States District Court, S. D. New York.

March 8, 1978.

Kreindler, Relkin & Goldberg, New York City, for petitioner; George Goldberg, New York City, of counsel.

Weiss, Molod, Berkowitz & Godosky, P.C., New York City, for respondent; Robert B. Marcus, New York City, of counsel.

MEMORANDUM

TENNEY, District Judge.

The petitioner, Paley Associates, Inc. ("Paley"), a Massachusetts corporation, has applied to this Court pursuant to 9 U.S.C. § 9 to confirm and enter judgment on an arbitration award made in its favor against the respondent, Universal Woolens, Inc. ("Universal"), a New York corporation. Jurisdiction is founded in diversity.[1] The

1. An independent base of federal jurisdiction is required in order to invoke the protection of the United States Arbitration Act, 9 U.S.C. §§ 1

arbitration award followed hearings held by the American Arbitration Association ("AAA") at the behest of Paley, which invoked an arbitration clause identical in the several sales contracts in dispute between the parties. Universal challenges the jurisdiction of this Court to confirm the arbitration award (which granted to Paley substantially all of the damages it alleged in connection with the shipment of defective goods) and moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss for lack of subject matter jurisdiction. Upon examination of Universal's claims this Court finds them without merit. Therefore the motion to dismiss is denied, and Paley's petition to confirm the arbitration award is granted.

■ Universal has founded its attack on this Court's jurisdiction on two theories. First it is alleged that the arbitration clause between the parties lacks a statutory condition precedent to jurisdiction. The clause states:

> Any controversy or claim in any wise arising from or relating to this contract or any modification thereof, or to the merchandise covered thereby, shall be submitted to and determined by arbitration in the City of New York, State of New York, in accordance with the laws of the State of New York and the rules then obtaining of the American Arbitration Association or the Mutual Adjustment Bureau of the Cloth & Garment Trades, as the party first referring the matter to arbitration shall elect.

Notice of Petition to Confirm, Exhibit A, ¶ 9. It is argued by Universal that a district court may act to confirm only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," 9 U.S.C. § 9, and that there is no such agreement in the language quoted above. However, as Paley points out, this argument ignores that which *is* explicitly stated in the arbitration clause, *i. e.,* that arbitration is to be governed "in accordance with . . . the rules then obtaining of the American Arbitration Association." One such rule is Rule 46(c), which was amended in 1973 to provide that "[p]arties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof." Petitioner's Memorandum 3.

■ Notably, Rule 46(c) was in effect not only when Paley called for arbitration but also when the parties initially entered their agreement. Universal cannot argue that Rule 46(c) was not binding upon it when it signed the contracts agreeing to be governed by AAA rules, for "it is settled doctrine that a reference in a contract to another writing, sufficiently described, incorporates that writing." *Lowry & Co. v. S.S. Le Moyne D'Iberville,* 253 F.Supp. 396 (S.D. N.Y.1966), *appeal dismissed,* 372 F.2d 123 (2d Cir. 1967). This doctrine is applied generally to AAA rules incorporated by reference, *I/V Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 426 (2d Cir. 1974), and has been relied on in particular to hold the parties to the terms of amended Rule 46(c). *Commonwealth Edison Co. v. Gulf Oil Corp.,* 541 F.2d 1263 (7th Cir. 1976). It is now clearly the law that when the parties have unequivocally consented in their arbitration agreement to be bound by the current rules of the AAA they are "deemed to have consented to [the] entry of judgment on any arbitration award, as required by 9 U.S.C. § 9." *Id.* at 1273.[2]

---

et seq. *Ballantine Books, Inc. v. Capital Distributing Co.,* 302 F.2d 17 (2d Cir. 1962).

**2.** Universal cites *Varley v. Tarrytown Associates, Inc.,* 477 F.2d 208 (2d Cir. 1973), as dispositive in its favor, as well it might have been had AAA Rule 46(c) not been amended in 1973. In *Varley* it was held that 9 U.S.C. § 9 could not apply without explicit agreement of the parties. There was no such agreement,

but only a clause providing for the settlement of controversies by arbitration pursuant to the rules of the American Arbitration Association. While this is sufficient to incorporate the rules into the agreement . . . there is nothing in the rules which indicates that the parties thereby consent to the entry of judgment upon an award.
*Id.* at 210.

Universal's second rationale for ousting this Court of jurisdiction is likewise completely out of step with the law, even as explicated by the very authorities it quotes. Universal contends that because in September 1977 it began an unsuccessful attempt in the New York State Supreme Court for the County of New York to stay arbitration pending discovery, and because Paley did not petition to remove that proceeding to this Court, the New York court acquired prior, exclusive jurisdiction over all aspects of this arbitration proceeding including the confirmation petition at bar. Universal cites *Ballantine Books, Inc. v. Capital Distributing Co.*, 302 F.2d 17 (2d Cir. 1962), in support of this proposition, failing to note that *Ballantine* stands foursquare for the opposite conclusion.[3] In *Ballantine* the respondent had petitioned in the New York courts to disqualify the chairman of the arbitration panel. That attempt was unsuccessful and upon petition in federal court to confirm the award the respondent raised the same jurisdictional argument that Universal advances here, *i. e.*, that once a state court has begun to "supervise" an arbitration proceeding the party seeking federal supervision of the proceedings has only twenty days to remove. The *Ballantine* court rejected the notion that prior state court proceedings automatically ousted the federal court's jurisdiction and went on to hold: (1) that it was a matter of discretion and not compulsion whether the federal court would under any circumstances stay its own arbitration-related proceeding in favor of one begun in state court; (2) that it was questionable whether by reason of the proceeding to disqualify the arbitration chairman the state court had assumed supervision over the arbitration; and (3) that at the time of the petition to confirm in federal court the state court did not have the arbitration proceeding *sub judice* because

[a] party's unsuccessful attempt to have a state court entertain a motion to intervene in arbitration proceedings does not give the state court jurisdiction of the entire proceeding. No court has the proceedings sub judice at least until such time as it has actually passed upon the merits of some dispute relating to the arbitration.

*Id.* at 20.

In the case at bar the state court's rejection of Universal's attempt to delay arbitration pending discovery cannot be characterized as a decision on any part of the merits of the arbitration dispute, and it is clear that no part of the arbitration proceeding is currently *sub judice* in the New York court. The facts and history of the instant case are so similar to those of *Ballantine* that they warrant a direct quote from that case in disposition of Universal's motion:

Whether or not there might be situations where a state court has proceeded so far in the supervision of an arbitration that it would be an abuse of discretion for the federal court to intrude itself, such a situation is not here presented.

*Id.*

For the reasons set forth this Court finds that it has subject matter jurisdiction to entertain Paley's request for confirmation and entry of judgment on the arbitration award. The Court declines Universal's invitation that in the event jurisdiction is found it "should provide the respondent herein with an opportunity to reply substantively to the petition . . . and to cross-move for an order vacating the award on grounds specified in 9 U.S.C. § 10." Respondent's Memorandum of Points and Authorities 8. Universal obviously knows its remedy under section 10; having now registered its objection to the confirmation of the arbitration award, it has preserved its right to move later to vacate the confirmation if it has any worthy grounds to do

---

Clearly the theory in *Varley* was then and is now correct: it is only the rules of the AAA which have changed and which today bind Universal as surely as *Varley* would have supported its position before Rule 46(c) was amended.

**3.** To the extent that Universal has cited other authorities in support of retaining jurisdiction in state court, this Court finds them inapposite on the law or distinguishable on the facts.

216

so, *The Hartbridge,* 57 F.2d 672 (2d Cir. 1932), *cert. denied, Munson Steamship Line v. North of England Steamship Co.,* 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1933), although it could have asserted those grounds in the instant action as well. *Catz American Co. v. Pearl Grange Fruit Exchange, Inc.,* 292 F.Supp. 549, 551 (S.D.N.Y. 1968). Under these circumstances, the Court sees no reason to encourage further delay in the settlement of this dispute by staying a final ruling on the petition to confirm.

Accordingly, the motion by Universal to dismiss this petition pursuant to Rule 12(b)(1) is denied, and the petition by Paley to confirm the arbitration award is granted.

Submit judgment in conformity herewith.