574 F.2d 723
 98 L.R.R.M. (BNA) 2232, 83 Lab.Cas. P 10,554
 Herbert KALLEN, d/b/a Smithtown Nursing Home, Smithtown
Senior Home and Smithtown Lodge, Plaintiff-Appellant,
v.
DISTRICT 1199, NATIONAL UNION OF HOSPITAL AND HEALTH CARE
EMPLOYEES, RWDSU, AFL-CIO, Defendant-Appellee.
 No. 651, Docket 77-7554.
 United States Court of Appeals,
Second Circuit.
 Argued March 2, 1978.
Decided April 18, 1978.
 
 Michael F. O'Toole, New York City (Robinson, Silverman, Pearce, Aronsohn, Sand & Berman, New York City, Michael N. Rosen, George B. Yankwitt, New York City, of counsel), for plaintiff-appellant.
 Richard Dorn, New York City (Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, of counsel), for defendant-appellee.
 Before ANDERSON, FEINBERG and TIMBERS, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 Herbert Kallen, the owner of three nursing homes in Smithtown, New York, appeals from a judgment of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., J., confirming an arbitration award obtained against him by appellee District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO. (For convenience, we will sometimes refer to appellant as the Employer and to appellee as the Union.) Appellant claims that the district judge should have remanded the case to the state court, from which it had been removed, or should have vacated the award or stayed its enforcement. Finding none of these contentions persuasive, we affirm the judgment of the district court.
 
 
 2
 * The dispute between the parties grows out of a 1975 collective bargaining agreement, which required the Employer to make contributions to the Welfare, Pension, and Training and Upgrading Funds established for the benefit of employees represented by the Union. In November 1976, the Union began an arbitration proceeding before the American Arbitration Association, claiming that the Employer had failed to make payments for the period January-November, 1976.[1] At the arbitration hearing in January 1977, the Union asserted that the Employer owed the Funds $191,876.83. The Employer conceded that it owed $181,272.61, but offered various reasons why it should be relieved of its obligations. The arbitrator rejected these arguments and issued an award to the Union.
 
 
 3
 In April 1977, the Employer petitioned the Supreme Court of the State of New York, County of New York, to vacate the arbitration award on various grounds. The Union removed the state court action to the federal district court, and moved for confirmation of the award; the Employer moved to remand. In September 1977, Judge Haight denied the Employer's motion to remand in a thorough opinion and granted the Union's motion to confirm the award. This appeal by the Employer followed.
 
 II
 
 4
 The Employer argues that the district judge should have remanded the case to the state courts as improvidently removed, that the arbitrator's award cannot be enforced because it was incomplete, and that, in any event, enforcement should be stayed because of a pending lawsuit by the Employer against the New York State Department of Health for substantial sums allegedly owed for operation of the nursing homes. On the whole, Judge Haight's opinion dealt with these issues admirably. We find it necessary only to discuss the first issue briefly to clarify the implications of our prior holdings, and to amplify the record on a minor matter as to the second.
 
 
 5
 Turning to the argument that removal of the case from the state court was improvident, we are required to ascertain whether the federal district court would have possessed jurisdiction to entertain the Employer's suit, in accordance with the requirements of 28 U.S.C. § 1441. In arguing to the contrary, the Employer relies primarily on Varley v. Tarrytown Associates, Inc., 477 F.2d 208 (2d Cir. 1973), and Harris v. Stroudsburg Fur Dressing Corp., 389 F.Supp. 226 (S.D.N.Y.1975). In Varley, which was a proceeding under the United States Arbitration Act, 9 U.S.C. § 9, we refused to confirm a commercial arbitration award because
 
 
 6
 It does not follow however that simply because the contract in issue involves interstate commerce, a federal court has jurisdiction to confirm the award and enter judgment. The Act provides that confirmation of an arbitration award is appropriate only where the parties "in their agreement have agreed that a judgment of the court shall be entered upon the award . . ." 9 U.S.C. § 9. There was no such explicit agreement here but only a clause providing for the settlement of controversies by arbitration pursuant to the rules of the American Arbitration Association.
 
 
 7
 477 F.2d at 210. The Union responds that the award here stems from a labor arbitration, to which different considerations apply, and that independent federal jurisdiction exists under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), which authorizes a federal district court to entertain suits for violations of labor contracts.[2] The Employer rejoins that its state court proceeding was not a suit for "violation" of a collective bargaining agreement since the relief sought was vacation, not confirmation, of the award on grounds that did not involve the merits of the underlying labor controversy. Judge Haight rejected the Employer's argument on the ground that it "exalts form over substance."[3] Since federal courts indisputably have jurisdiction under section 301 to enforce a labor arbitration award, General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963), we agree with the district court that suits to vacate awards are cognizable under the same statute. We have assumed as much, albeit without discussion, on a number of occasions.[4] Where one of the parties refuses to abide by an arbitrator's award, whether the resulting lawsuit begins as a petition to vacate or confirm will often turn only on who wins the race to the courthouse. As the Supreme Court has observed in a related context, "it is inconceivable that Congress intended the rule to differ depending upon which party to the arbitration agreement first invokes the assistance of a federal court." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967).
 
 
 8
 Since this was enough, in the district judge's view, to sustain the removal, he did not analyze further the Employer's invocation of Varley. We think it significant, however, that Varley was later construed in I/S Stavborg v. National Metal Converters, Inc., 500 F.2d 424 (2d Cir. 1974). In that case also, appellant claimed that the district court did not have authority under the Arbitration Act, 9 U.S.C. § 9, to confirm a commercial arbitration award because the parties had not agreed in their contract to entry of judgment by a federal court upon the arbitration award. In rejecting that argument, we pointed out that unlike the situation in Varley, the arbitration clause of the contract between the parties provided that the arbitrator's award was to be "final," that "the substantive law to be applied to . . . the contract itself is federal maritime law," and that appellant had itself moved in federal district court under the Arbitration Act to vacate or modify the award.[5] 500 F.2d at 427.
 
 
 9
 In the appeal now before us, the situation is substantially similar. The arbitration Article of the collective bargaining agreement, see note 1 supra, provides, that "the award of an arbitrator hereunder shall be final, conclusive and binding upon the Employer, the Union and the Employees." The Employer does not deny that it is engaged in an industry affecting commerce. Under Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), federal law would apply to interpretation of the collective bargaining agreement. And finally, while it is true that the Employer has resisted enforcement of the award, it nevertheless participated fully in the arbitration process before the American Arbitration Association. In such circumstances, the Employer can hardly avow that an award will be "final, conclusive and binding" upon it without implicitly agreeing that federal court intervention may be sought to compel compliance. Thus, Judge Haight properly invoked the substantive provisions of the Arbitration Act in asserting his power to confirm the instant award. Since, as already indicated, the district court had jurisdiction over the action under 29 U.S.C. § 185(a), we need not examine whether the judge was also correct in holding that the Arbitration Act's applicability, without more, would have been sufficient to justify the Union's removal of the Employer's original petition to vacate.[6]
 
 
 10
 On the merits, appellant maintains that the arbitrator's award is too vague and incomplete to merit enforcement, citing our holding in Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, 500 F.2d 921 (2d Cir. 1974). We there characterized an arbitration award as not only "ambiguous" but " contradictory on its face," id. at 923-24; we also noted that "(n)one of the parties has advanced a clear and compelling interpretation of the award." Id. at 924. The Arbitration Act expressly authorizes federal courts to vacate awards of such a grievously flawed character.[7] But the award in the instant case is nothing of the sort. It sets a definite sum to be paid by the Employer, and permits it to negotiate adjustments in one segment of the amount due if it produces records more accurate than those upon which the arbitrator was forced to rely. A ten-day deadline is set for submission of these records. Far from being incomplete, the award commendably responds to conditions of uncertainty by incorporating an element of limited flexibility designed to benefit the very party now complaining. Should the Employer fail to avail itself of the opportunity to correct any errors of computation in the award, the consequences are spelled out with particularity: it must forthwith disgorge $191,867.83 into the employee Funds.
 
 
 11
 Having said all this, we confront the Employer's contention that the award was nonetheless improperly confirmed because the district judge, in rejecting the claim of ambiguity, stated that the parties had not supplied him with a copy of the award. We are told that the judge erred in this respect; the parties agreed at oral argument that the award had been timely filed with the district court. Nevertheless, the judge's conclusions whatever their provenance are supported by our independent examination of the terms of the award.[8]
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The arbitration clause of the collective bargaining agreement provided in relevant part:
 
 
 [1]
 A grievance, as defined in Article XXVIII, which has not been resolved thereunder may, within fifteen (15) working days after completion of Step 3 of the grievance procedure, be referred for arbitration by the Employer or the Union to an arbitrator selected in accordance with the procedures of the American Arbitration Association. The arbitration shall be conducted under the Voluntary Labor Arbitration Rules then prevailing of the American Arbitration Association
 
 
 [3]
 The award of an arbitrator hereunder shall be final, conclusive and binding upon the Employer, the Union and the Employees
 
 
 [2]
 29 U.S.C. § 185(a) provides:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 [3]
 The judge also properly restricted Harris v. Stroudsberg Fur Dressing Corp., supra, to its unusual facts
 
 
 [4]
 See Humble Oil & Refining Co. v. Local 866, 447 F.2d 229, 230 (2d Cir. 1971); Monroe Sander Corp. v. Livingston, 377 F.2d 6, 13 (2d Cir. 1967); Metal Products Workers Union, Local 1645 v. Torrington Co., 358 F.2d 103, 104 (2d Cir. 1966). See also Allendale Nursing Home, Inc. v. Local 1115, 377 F.Supp. 1208, 1213 (S.D.N.Y.1974); White Motor Corp. v. Int'l Union, U. A. A. & A. I. W., 365 F.Supp. 314, 316-17 (S.D.N.Y.1973), aff'd, 491 F.2d 189 (2d Cir. 1974); Wilson H. Lee Co. v. New Haven Printing Pressmen Local No. 74, 248 F.Supp. 289, 290 (D.Conn.1965) (Timbers, J.)
 
 
 [5]
 The panel noted, but did not decide, the question
 whether (the) language of clause 37 (the Arbitration clause), standing alone, would have been sufficient to confer jurisdiction on a federal district court had either party resisted arbitration, thus forcing the other party to attempt to compel arbitration under 9 U.S.C. § 4.
 500 F.2d at 425, n.1. In this case, the Union sought arbitration and the Employer did not resist it.
 
 
 [6]
 This court has indicated that the Arbitration Act does not provide an independent basis of federal jurisdiction. See Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 408 (2d Cir. 1959), cert. dismissed, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); Ballantine Books, Inc. v. Capital Distributing Co., 302 F.2d 17, 19 (2d Cir. 1962). See also Note, Scope of the United States Arbitration Act in Commercial Arbitration: Problems in Federalism, 58 Nw.L.Rev. 468, 489-91 (1963). Certain sections of the Act, notably § 3 (stay of proceedings pending arbitration), § 4 (petitions to compel arbitration) and § 8 (admiralty proceedings), indicate on their face such a limitation. However, sections 9 and 10 of the Act, providing for confirmation and vacation of awards by federal courts, contain no such restrictive language, and in I/S Stavborg v. National Metal Converters, Inc., supra, 500 F.2d at 425-26, without discussing any other jurisdictional basis, we stated that the arbitration clause, coupled with appellant's conduct, "was sufficient to confer jurisdiction on the district court to enter judgment on the award pursuant to 9 U.S.C. § 9 . . . ."
 
 
 [7]
 The Act provides in relevant part that
 In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration
 (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 9 U.S.C. § 10(d).
 
 
 [8]
 Appellant also argues for a stay of enforcement pending the outcome of its efforts to obtain "substantial sums" by suing the New York State Department of Health. But neither the Arbitration Act nor any precedent cited by appellant justifies delaying confirmation of a valid award pending an effort by the disappointed party to secure additional funds from extraneous parties