BRINK'S INC., Plaintiff and Defendant on Counterclaim,

v.

The CITY OF NEW YORK, Defendant and Counterclaimant.

BRINK'S INC., Third-Party Plaintiff,

v.

John ADAMS, Anthony De Nardo, Trevor Fairweather, Richard Florio, James Gargiulo, Jorge Olivari and Michael Solomon, William J. Donovan, Francis Gitto, Ramon Hernandez, William McInerney, Anthony San Marco, Jose Rodriguez, James Springett, John Barrera and Joseph Nardo, Third-Party Defendants.

No. 80 Civ. 6975.

United States District Court, S. D. New York.

March 5, 1982.

Milgrim, Thomajan, Jacobs & Lee New York City, for plaintiff and third-party plaintiff Brink's Inc.; Robert A. Meister, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant The City of New York; Jefferey E. Glen, Sp. Asst., Corp. Counsel, New York City, of counsel.

Philip M. Kovitz, New York City, for third-party defendant Jose Rodriguez.

Peter D. Cooper, Brooklyn, N. Y., for third-party defendant William J. Donovan.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

In his answer to the third-party complaint of Brink's Inc., Jose Rodriguez asserts as a counterclaim that he was wrongfully discharged from his employment and seeks as damages $10,400 in back pay representing the total loss of income between the time of his discharge and reinstatement. Brink's moves for summary judgment on the counterclaim on the ground, inter alia, that the third-party complaint fails to state a claim upon which relief can be granted.

On January 28, 1981, Rodriguez was terminated from employment with Brink's for alleged violations of Brink's regulations for its armored car employees. Specifically, Rodriguez was charged with reading a newspaper and falling asleep in the cab of his truck while on duty. Subsequently, his union, Truck Drivers Local 807 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, grieved the discharge pursuant to Article XXIX of the Collective Bargaining Agreement between the parties and the dispute was submitted to arbitration. A hearing was held on April 9, 1981 and on May 20, 1981 the arbitrator issued his award holding that Rodriguez was discharged for improper cause and directing that he be reinstated "to his former position, with seniority, and

all other employee rights unimpaired, except without retroactive back pay."[1] Pursuant to this award, Rodriguez was restored to his former position on May 27 with all accrued benefits but, as directed by the award, he was not given back pay for the period from his discharge until the time of his reinstatement.

■ It is well established that an employee who does not prevail on an arbitrable issue in a contractually prescribed arbitration proceeding may not, absent some showing that the proceeding has been tainted by impropriety, ask a court to redetermine the merits of that issue.[2] The Collective Bargaining Agreement expressly provides that an arbitrator "shall have the power to award reinstatement with or without back pay" and the "decision of the arbitrator ... shall be final and binding upon the parties."[3] This is not a case where the arbitrator's decision is ambiguous or in need of amplification so as to call for a resubmission to the arbitrator for clarification.[4] It is clear from the face of the award that the issue of back pay was considered by the arbitrator and that his decision was that Rodriguez should be reinstated "without retroactive back pay." Nor does the third-party complaint state a valid claim if it is read as asserting a claim for wrongful discharge under section 301(a) of the Labor Management Relations Act[5] since an "indispensable predicate for such an action is a demonstration that the union breached its duty of fair representation,"[6] and the complaint makes no such allegation.

Brink's motion for summary judgment is granted on the ground that the third-party complaint fails to state a cause of action. So ordered.

1. *Local 807, I.B.T. v. Brink's Inc.*, No. 81K/10408, slip op. at 3 (May 20, 1981) (Schuman, Arb.)

2. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562–67, 96 S.Ct. 1048, 1055–1057, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Santos v. District Council of New York City*, 547 F.2d 197, 201 (2d Cir. 1977).

3. Collective Bargaining Agreement, Article XXIX.

4. *See, e.g., Locals 2222, 2320–2327 IBEW v. New England Telephone and Telegraph Co.*, 628 F.2d 644, 647 (1st Cir. 1980); *Kallen v. District 1199, National Union of Hospital & Health Care Employees*, 574 F.2d 723, 726 (2d Cir. 1978).

5. 29 U.S.C. § 185(a) (1976).

6. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 59, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981).