**In the Matter of the Application of Abner HARRIS as President of Fur Dressers Union Local 2, UFCW, Petitioner,**

**To Confirm an Arbitration Award and Directing Judgment to be Entered Against BROOKLYN DRESSING CORP., Respondent.**

No. 83 Civ. 2229–CLB.

United States District Court,
S.D. New York,
Civil Division.

April 27, 1983.

John Quint of Markewich, Friedman & Markewich, P.C., New York City, for petitioner.

Mona Glanzer of Rains & Pogrebin, P.C., Mineola, N.Y., for respondent.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By this motion fully submitted on April 18, 1983, petitioner, a labor union official seeks, pursuant to 28 U.S.C. § 1447(c), to remand this proceeding, brought to confirm an arbitration award under New York CPLR § 7510, to the Supreme Court of the State of New York, County of New York. Petitioner asserts that these proceedings were improvidently removed from the state court and should be remanded because first, the federal court lacks jurisdiction to reach the merits of the case, and second, the defendant waived his right to remove by voluntarily submitting to the jurisdiction of the state court.

The Union in this action obtained a favorable arbitration award from an "Impartial Chairman" in a dispute with the respondent, an employer of Union members. Both parties are signatories to a collective bargaining agreement. The Union petitioned, under New York statutory provisions generally applicable to enforcement and correction of arbitration awards, for an order confirming the award and entering judgment thereon. Respondent employer removed the proceedings to this Court, relying on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and 28 U.S.C. § 1441(b).

In support of the first basis or argument urged for remand, the claimed lack of jurisdiction of a federal court to confirm the arbitration award, petitioner relies on an old decision of this Court which involved this same petitioner, represented by the same attorneys, *Harris v. Stroudsburg Fur Dressing Corp.*, 389 F.Supp. 226 (S.D.N.Y. 1975). In *Stroudsburg Fur*, this Court granted a motion to remand a petition for confirmation as improvidently granted, because of language in the then recent opinion of our Court of Appeals in *Varley v. Tarrytown Associates*, 477 F.2d 208 (2d Cir. 1973). However, since *Stroudsburg Fur* was decided, *Varley*, while not expressly overruled, has been repudiated to such an extent by two subsequent opinions of the same Court, when read together, that it may be regarded as a dead letter. These cases are *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir.1974) and *Kallen v. District 1199, National Union of Hospital & Health*, 574 F.2d 723, 725 (2d Cir.1978). The first of these two subsequent cases was authored by Circuit Judge Oakes, who was a member of the *Varley* panel. Moreover, the *Kallen* opinion also noted, and I agree, that *Stroudsburg Fur* should be restricted to its "unusual facts." 574 F.2d at 725, n. 3. The only "unusual fact" in *Stroudsburg Fur* was the fact that because of the wrongly decided *Varley* case, the district court lacked the power to grant that relief which the state court from which the proceeding was removed could have

942

granted. With the death of *Varley,* the argument that this Court lacks the necessary jurisdiction to enter judgment enforcing an arbitration award is no longer supported by the case law in this Circuit. The reason for *Stroudsburg Fur* being no longer valid, that case too has lost its precedential effect.

The Union also argues as a second ground for remand, that the respondent waived its right to removal to federal court by its actions in the course of the state court proceedings.

This special proceeding was commenced in the Supreme Court of the State of New York, County of New York by a Notice of Petition originally returnable on March 8, 1983 and subsequently adjourned to March 25, 1983. In a verified pleading dated March 3, 1983, respondent employer answered petitioner's complaint on the merits and sought affirmative relief in a counterclaim which sought to modify or vacate the award. It was not until later that respondent filed its petition for removal to this Court.

█ Petitioner contends, and this Court agrees, that these actions by respondent constitute a waiver of its right of removal. Of course removal is not waived by mere filing of an answer in a state court proceeding, *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 864 (W.D.Pa.1976), nor by filing of a *compulsory* counterclaim, *Parkhill Produce Co. v. Pecos Valley So. Ry.,* 196 F.Supp. 404 (S.D.Tex.1961). However, a party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim thereby waives the right of removal. *Bedell v. H.R.C. Ltd.,* 522 F.Supp. 732 (D.Ky.1981); *George v. Al-Saud,* 478 F.Supp. 773 (D.Cal.1979).

It is clear that in New York, unlike in the federal judicial system, all counterclaims are permissive. See § 3011, New York CPLR.

█ While conceding that there are no compulsory counterclaims in New York, respondent now contends that its counterclaim was "not clearly permissive." Rather, respondent argues, its pleading was compelled by a belief that if the request for affirmative relief therein set forth were not raised then, and prior to removal, if the case were remanded for some other reason, a state court judge might later use his discretionary power to preclude the filing of an amended answer containing a counterclaim thereby requiring the counterclaim under New York practice to be raised in a later separate special proceeding brought for the purpose. Respondent, in effect, is asking this Court to recognize that while there are no *statutory* compulsory counterclaims in New York, there may well be *strategic* ones. This Court declines to give such a novel interpretation to the New York CPLR. Apart from the facial absurdity of respondent's position, it must be noted that if a state court judge, as respondent now suggests it feared might happen, had required the filing of a separate petition, then respondent could easily have done so, following such filing with a motion for consolidation with this proceeding, under § 602, New York CPLR. Such a motion would have to be granted barring most unusual circumstances.

For the foregoing reasons petitioner's motion to remand is granted.

So Ordered.