COMPANIA CHILENA DE NAVEGA-
CION INTEROCEANICA,
S.A., Plaintiff,

v.

NORTON, LILLY & CO.,
INC., Defendant.

No. 86 Civ. 5397.

United States District Court,
S.D. New York.

Feb. 13, 1987.

John P. Vayda and Robert Tils, of the firm Nourse & Bowles, New York City, for plaintiff.

Joseph E. Boury, of the firm Townley & Updike, New York City, for defendant.

WALKER, District Judge:

### INTRODUCTION

Plaintiff Compania Chilena De Navegacion Interoceanica, S.A. ("CCNI") moves to confirm a $48,000 arbitration award rendered October 16, 1986. Defendant Norton Lilly & Co., Inc. ("NL") cross-moves to vacate this award, as well as an order requiring NL to post a bond of $123,000, which would fund any future arbitration orders entered against defendant. In the alternative, defendant moves to stay the

enforcement of the $48,010 arbitration award.

## STATEMENT OF FACTS

In September 1981, Plaintiff CCNI, a Chilean shipping corporation, entered into a contract under which Defendant NL agreed to act as an agent of plaintiff in the United States. Defendant's specific duties under this contract included the solicitation of shipping contracts for plaintiff and the collection of debts owed by American and Canadian corporations to plaintiff. In return for these services, plaintiff agreed to pay defendant a commission based on the number of transactions handled by defendant.

The agency contract included an arbitration clause which reads:

All disputes between the parties which arise in connection with the interpretation or enforcement of the terms of this Agreement shall be submitted to arbitration in the City of New York, State of New York, before the Society of Marine Arbitrators. The decision of said Society shall be final and binding in accordance with applicable law.

Plaintiff became dissatisfied with defendant's performance of its agency duties, and on May 14, 1985, plaintiff gave defendant notice that it would terminate the agency contract in 90 days. Plaintiff terminated the contract on August 15, 1985.

Defendant's final accounting showed that defendant owed plaintiff $48,010.20 from debts which defendant had collected for plaintiff. Plaintiff also claims that defendant owes plaintiff more than $400,000 relating to either excess commissions paid by plaintiff to defendant or debt collections made by defendant on plaintiff's accounts which defendant failed to forward to plaintiff.

Fearing that defendant faced a possible bankruptcy, on July 9, 1986, plaintiff filed a motion before this Court seeking an *ex parte* order attaching $472,833.97 of defendant's assets. Plaintiff filed an identical motion on the same day, July 9, in the United States District Court for the District of New Jersey. Later in the day on July 9, both Courts entered the *ex parte* attachment order sought by plaintiff.

On July 15, 1986, the New Jersey District Court dissolved the attachment and entered an order compelling arbitration. The Court "stayed and administratively terminat[ed]" the action pending arbitration. On July 16, 1986, this Court also dismissed the instant action. The July 16 order stated:

The District of New Jersey is the proper forum for this action since it involves a foreign plaintiff and a New Jersey corporate defendant. Moreover, all the parties to this action are before the New Jersey District Court.

The first arbitration hearing involving the instant controversy was held on October 16, 1986. At this first meeting, defendant requested a 60–day adjournment to review various documents, complete an accounting of any sums due plaintiff under the agency contract, and otherwise complete preparation for arbitration. In denying this request, the arbitration panel stated:

The panel notes that ... [defendant's] arguments, ... are basic discussions of points of law, and could have been briefed prior to the first hearing.... In addition the panel considers ... [defendant's] extensive delay in providing the final accounting to be unreasonable. Given the number of requests for accounting by ... [plaintiff] over the last eighteen months a further delay would be unconscionable.

At the close of the October 16, 1986 hearing, the arbitration panel entered an award of $48,010, together with interest at 10 percent dating from October 15, 1985, amounting to a total award of $52,811.22. The arbitrators held that this amount represented only a partial award, and was based primarily on defendant's accounting, which showed this amount owing to plaintiff. The panel indicated that they would resolve the remainder of plaintiff's claims at a later date.

A second arbitration hearing occurred on November 6, 1986. Defendant again

sought an adjournment of this hearing to allow additional time for preparation of its case, which was again denied. After hearing evidence regarding plaintiff's outstanding claims against defendant, the arbitration panel reserved decision with respect to these claims. The panel ordered defendant to "promptly" post a bond of $123,000 as security against a possible future finding of liability to plaintiff.

On November 26, 1986, plaintiff filed the instant motion before this Court to confirm the $48,000 partial award and the $123,000 bond order. On December 8, 1986, defendant filed its instant cross-motion to vacate the partial award and the bond order.

## DISCUSSION

In considering the cross-motions filed in the instant case, this Court notes the strong federal policy favoring arbitration. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone Hospital v. Mercury Construction Co.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). "The legislative history of the Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

With these principles firmly in hand, this Court turns to defendant's specific grounds for challenging the instant arbitration proceedings and this Court's power to confirm the $48,010 award.

## A. JURISDICTION TO CONFIRM THE ARBITRATION AWARD.

In opposition to plaintiff's motion, defendant argues that this Court lacks jurisdiction to confirm the award entered by the arbitration panel in New York. Defendant argues that any petition to confirm arbitration should be brought in New Jersey. Defendant bases this argument on the July 16 order of this Court dismissing plaintiff's action seeking an attachment order on the grounds that the New Jersey court possessed jurisdiction to enter such an order.

■ Case law states that a district court possesses jurisdiction to confirm an arbitration award entered in the district where that court sits. For example, in response to a lack of jurisdiction argument, the Second Circuit Court of Appeals wrote simply: "Since the arbitration was lawfully held in New York City, the District Court in that district had jurisdiction to confirm the award." *Reed & Martin, Inc. v. Westinghouse Electric Corp.,* 439 F.2d 1268, 1276 (2d Cir.1971); *accord Colavito v. Hockmeyer Equipment Corp.,* 605 F.Supp. 1482, 1485 (S.D.N.Y.1985). The Second Circuit also has held that where a party signs an arbitration agreement designating New York City as the site for arbitration proceedings, and then actively participates in those proceedings, the party has in effect consented to this Court's jurisdiction over a subsequent petition to confirm. *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 426–27 (2d Cir.1974).

Defendant argues that the refusal of the New Jersey District Court to dismiss plaintiff's July 9, 1986 action with prejudice justifies an exception from the general rule that this Court possesses jurisdiction to confirm arbitration awards rendered in this district. Defendant's argument was rejected in a recent opinion, which held that a federal court in this district could confirm an arbitration award, despite the previous filing of a motion to confirm in New York State Court. *Harris v. Brooklyn Dressing Corp.,* 560 F.Supp. 940 (S.D.N.Y.1983).

This Court rejects defendant's argument that this petition should be heard in New Jersey. In reaching this decision, the Court notes that defendant has produced no language in any order issued by the New Jersey District Court explicitly stating that court's intention to hear all motions related to the instant arbitration proceedings. A dismissal of this action in the Southern District of New York in favor of the District of New Jersey would serve only to delay a ruling on the instant motion while the New Jersey court studied the arguments already reviewed by this Court.

In arguing that this Court lacks jurisdiction, defendant relies on *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2d Cir.1973). In *Varley,* the Second Circuit held that the lack of any contractual language authorizing court confirmation of arbitration awards deprived a federal district court of jurisdiction to confirm the petition. The instant case is distinguishable from *Varley* in that the arbitration clause involved here provides that any arbitration award entered "shall be final and binding": language absent from the *Varley* arbitration clause. Further, the continued applicability of *Varley* as a limitation on federal jurisdiction to confirm arbitration awards is highly questionable. A recent opinion in this district has described *Varley* "as a dead letter." *Harris v. Brooklyn Dressing Corp.*, 560 F.Supp. 940, 941 (S.D.N.Y.1983).

In short, this Court has no hesitation in finding that it possesses jurisdiction to consider the arbitration award contested by the parties in the instant case.

### B. CONFIRMATION OF THE PARTIAL MONETARY AWARD.

Defendant also opposes plaintiff's motion to confirm on the grounds that confirmation will not resolve all of plaintiff's claims currently before the arbitration panel. Defendant argues that plaintiff cannot bring a motion to confirm any arbitration award until all claims in the arbitration proceedings between these two parties are resolved.

■ Contrary to defendant's argument, "an 'interim' award that finally and definitively disposes of a separate, independent claim may be confirmed 'notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration.'" *Eurolines Shipping Co., S.A. v. Metal Transport Corp.,* 491 F.Supp. 590, 592 (S.D.N.Y.1980) (quoting in part *Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd.,* 454 F.Supp. 368, 372 (S.D.N.Y.1978)). The $48,010 award in the instant case, based solely on defendant's accounting, is separate from plaintiff's other claims, which will require the consideration of more extensive evidentiary sources. The arbitration panel explicitly indicated the separate nature of the $48,010 award by describing it as a Partial *Final* Award.

·In a recent opinion, the Second Circuit Court of Appeals encouraged district courts to confirm separable arbitration awards, even where the petition to confirm is brought prior to conclusion of all arbitration proceedings between two parties. *Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280, 282 (2d Cir.1986). In urging confirmation of partial awards, the Court of Appeals noted that the "purpose of arbitration is to permit a relatively quick and inexpensive resolution of contractual disputes." *Id.* (quoting *Diapulse Corp. v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir. 1980)).

This Court views defendant's argument that the partial award cannot be confirmed at this time as inconsistent with settled law and sound policy, and accordingly rejects it.

### C. DEFENDANT HAS FAILED TO ESTABLISH MISCONDUCT ON THE PART OF THE ARBITRATORS.

■ Defendant argues that the $48,010 award and the $123,000 bond requirement should be vacated on the ground that the arbitrators' denial of defendant's request for additional time to prepare its case constituted reversible misconduct. In considering claims of arbitrator misconduct based on procedural rulings, courts should not unduly intrude on on appropriate exercises of discretion by an arbitration panel. "An arbitrator's ruling on procedural issues will not be overturned ... unless it had the effect of denying the parties a fundamentally fair hearing, or was otherwise an unreasonable decision that prejudiced the rights of a party." *International Longshoremen's Association v. West Gulf Maritime Association,* 605 F.Supp. 723, 727 (S.D.N.Y.1985), *aff'd,* 765 F.2d 135 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 133, 88 L.Ed.2d 110 (1985). Furthermore, the Second Circuit Court of Appeals has stated: "In handling evidence an arbitrator need not follow all the niceties observed by the

federal courts." *Bell Aerospace Co. Division of Textron, Inc. v. Local 516, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America,* 500 F.2d 921, 923 (2d Cir. 1974).

Defendant relies on *Chevron Transport Corp. v. Astro Vencedor Compania Naviera, S.A.,* 300 F.Supp. 179 (S.D.N.Y.1969) in arguing that the arbitrators' failure to grant defendant the requested time extensions constituted misconduct justifying this Court's vacating of the arbitration award. Although *Chevron Transport* held that an arbitration panel's failure to grant a party additional time to prepare for a hearing constituted misconduct, the facts considered in *Chevron Transport* differ significantly from those in the instant case. In *Chevron Transport,* the failure of an arbitrator to adjourn proceedings prevented defendants from obtaining copies of important documentary evidence relied on at the hearing by plaintiff. *Id.* at 181.

■ In the instant case, defendant does not argue that the failure to adjourn the October 16 arbitration hearing prevented its receipt of plaintiff's documentary evidence. Instead, defendant admits that it possessed plaintiff's documentary evidence prior to the hearing. Defendant contends only that it lacked adequate time to review this evidence. Defendant's candid admission that the purportedly inadequate review of plaintiff's documents resulted in part because of disorganization in defendant's own accounting department demonstrates the weakness of defendant's misconduct claim.

Defendant's claim of misconduct is further called into question by the fact that the arbitration panel apparently gave a reasoned consideration to defendant's request for additional time and provided defendant with a ruling on this specific issue. In short, the arbitration panel found no reason that defendant could not have completed all preparation in time for the scheduled hearing, and that defendant already was responsible for significant delay in the conduct of arbitration proceedings.

The Court thus finds no evidence of misconduct in the arbitrators' decision to deny defendant's adjournment requests.

## D. THE FUNDAMENTAL RATIONALITY OF THE ARBITRATOR'S DECISION.

■ Defendant presents a cursory argument that the arbitration award should not stand because "it does meet the test of fundamental rationality." In its consideration of the "fundamental rationality" of the arbitration award, this Court is mindful of the strong policy in this circuit limiting district court review of the substantive decisions reached in arbitration. "It is not the function of the district court to review the record of the arbitration proceedings for errors of law or fact." *Trans-Asiatic Oil Ltd., S.A. v. UCO Marine International Ltd.,* 618 F.Supp. 132, 135 (S.D.N.Y. 1985) (citations omitted).

In the instant case, the arbitration award of $48,010 is supported by defendant's own accounting, which indicates that defendant owes at least this amount to plaintiff. The relationship between the arbitrator's award and this accounting, in and of itself, is sufficient to establish that the award in the instant case meets any requirement of "fundamental rationality."

## E. THE ARBITRATORS' AUTHORITY IN ORDERING DEFENDANT TO POST A BOND.

■ Defendant argues that the arbitration panel exceeded its legal authority when the panel ordered defendant to post a $123,000 bond. In considering this argument, this Court notes that previous decisions have recognized arbitrators' broad discretion in fashioning remedies. "An arbitration panel may grant equitable relief that a Court could not." *Sperry International Trade v. Government of Israel,* 532 F.Supp. 901, 905 (S.D.N.Y.1982), *aff'd,* 689 F.2d 301 (2d Cir.1982).

Defendant argues that the bond requirement constitutes a "provisional" remedy, outside the legitimate powers of the arbitration panel, as opposed to an "equitable"

remedy, which defendant argues would fall within the panel's legitimate authority. However, this Court declines to adopt defendant's characterization of the bond, noting that a previous decision in this district refused to characterize arbitration relief which constituted "in effect, a grant of a preliminary injunction" as a provisional remedy. *Southern Seas Navigation Limited v. Petroleos Mexicanos,* 606 F.Supp. 692, 694 (S.D.N.Y.1985). In upholding the injunction entered by the arbitration panel in *Southern Seas,* Judge Weinfeld wrote:

> That the arbitrators labeled their decision as an 'interim' award cannot overcome the fact that if an arbitral award of equitable relief based upon a finding of irreparable harm is to have any meaning at all, the parties must be capable of enforcing or vacating it at the time it is made. Such an award is not 'interim' in the sense of being an 'intermediate' step toward a further end. Rather, it is an end in itself, for its very purpose is to clarify the parties' rights in the 'interim' period pending a final decision on the merits.

*Id.* at 694. This Court views Judge Weinfeld's analysis as applying with equal force where arbitrators require a party, such as defendants in the instant case, to post a bond.

In arguing that the bond order exceeded the arbitration panel's authority, defendant relies heavily on *JAB Industries, Inc. v. Silex S.P.A.,* 601 F.Supp. 971 (S.D.N.Y. 1985). However, the court in *JAB Industries* merely declined to order defendants to post a bond. The case does not stand for the proposition that an arbitration panel's order requiring a defendant to post a bond is *per se* inappropriate. Further, the Court in *JAB Industries* argued that plaintiff "could have taken [other] steps to protect itself...." *Id.* at 979. Defendant makes no argument that plaintiff in the instant case could have protected its ability to collect a judgment from defendant through some means other than a bond.

Accordingly, this Court denies defendant's motion to vacate the arbitration order requiring a $123,000 bond.

## F. ENFORCEMENT OF THE AWARD.

Finally, defendant argues that this Court should stay the enforcement of the arbitration award. However, "[t]he duty of a court is to enforce an arbitration award unless there are significant reasons to the contrary." *Harvill v. Roadway Express, Inc.,* 640 F.2d 167, 169 (8th Cir.1981). Defendant cites no authority or "significant reasons" for its position that this Court should stay enforcement of the $48,010 award. Accordingly, defendant's motion for a stay is denied.

## CONCLUSION

The Partial Final Award of $48,010, together with 10% interest dating from October 15, 1985, is confirmed. Defendant's motion to vacate is denied in all respects. Defendant's motion to stay enforcement of the award is denied.

SO ORDERED.