**John GIBA et al., Plaintiffs,**

v.

**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL-CIO, et al., Defendants.**

**Civ. No. 9047.**

United States District Court
D. Connecticut.
May 21, 1962.

---

16. United States v. Pravato, 282 F.2d 587, 591 (2d Cir. 1960).

554

Edward F. Kunin, Lawrence B. Schwartz, Bridgeport, Conn., for plaintiffs.

Daniel Baker, Bertram Diamond, Stamford, Conn., Austin K. Wolf, Bridgeport, Conn., Benjamin Sigal, Washington, D. C., for defendants.

ANDERSON, Chief Judge.

This action was brought in the Superior Court of the State of Connecticut by nineteen members of Local 267 of International Union of Electrical, Radio and Machine Workers, as individuals, against International and against the Underwood Corporation, the employer. In their complaint the plaintiffs alleged that they were

employed by Underwood at its Bridgeport plant. International, as sole bargaining agent, had entered into a collective bargaining agreement with Underwood which included, among other things, provisions for severance pay and preservation of seniority rights in the event of a lay-off. Sometime subsequent to the ratification of the collective bargaining agreement Underwood commenced to remove its operations from the Bridgeport plant and in August of 1958 it closed the plant. As a consequence the plaintiffs' employment was terminated. International then instituted grievance proceedings against Underwood in accordance with the terms of the collective bargaining agreement which proceeded to the point where an arbitrator was appointed. The issues before the arbitrator included the questions of severance pay and seniority rights; but, after several arbitration hearings were held, a settlement agreement was entered into between International and Underwood. The terms of the settlement agreement were adopted by the arbitrator as his findings and decision.

The core of the plaintiffs' complaint is that by the terms of the settlement they received less severance pay than they were entitled to and that their seniority rights were ignored. They contend that Underwood thereby violated the terms of the individual contracts of employment of the plaintiffs with Underwood and that International breached its fiduciary duties to the plaintiffs, as their bargaining agent. They alleged that International was motivated in sacrificing the rights of the plaintiffs by a desire to acquire certain benefits for itself in the payment by Underwood of International's attorney's fees and arbitration costs.

On the ground that this case falls within the scope of the Labor Management Relations Act, Title 29 U.S.C.A. § 141 et seq., International removed it to this court. The plaintiffs now move to remand the case to the state court because, they assert, the complaint does not present a claim arising under Title 29 or any laws of the United States.

To establish federal-question jurisdiction it is necessary that a federally created right or immunity be an essential element of the plaintiff's cause of action, Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); and the federal question must appear in the complaint well pleaded. 1 Moore, Federal Practice (2d ed. 1960) pp. 622 et seq. The mere fact that, in the course of a case, the federal law or Constitution must be interpreted or applied does not suffice; the right or immunity out of which the cause of action arises must itself have been federally created or granted.

In the present case the claimed breach-of-contract rights of each of these plaintiffs arose, not out of the collective bargaining agreement, but out of the individual employment contracts which each one had with Underwood; and their claims based upon breaches of fiduciary duty by International arose out of the relationship or agreement between the Union and its individual members. Although the individual employment contracts between the plaintiffs and Underwood made each plaintiff an employee and, as such, gave him an interest via his union membership in the collective bargaining agreement and the collective bargaining agreement comes within certain provisions of federal law, each plaintiff's status as an employee derived, not from federal law, but his individual employment contract with Underwood.

While the collective bargaining agreement may have to be referred to for a detailed description of many of the relative rights and duties between the employer and each employee, the latter's rights do not stem from the collective bargaining agreement but from the employment contract which he has with the employer. Likewise the collective bargaining agreement forms a part of the surrounding circumstances which will affect a determination of the question of whether or not the union has been a faithful agent or trustee for one of its individual members, but the employees' right to recover for a breach of trust does not come from the

collective bargaining agreement but from the understanding between the union and each of its members—in most cases expressed in the constitution and by-laws of the Union.

Even without the federal law applicable to collective bargaining agreements and even without the collective bargaining agreement itself, each plaintiff had an individual employment contract for a breach of which his employer could be held liable, and each had a relationship with his union involving duties of agency and trust, for breach of which, the employee could recover against the union. In all of the theories advanced by the plaintiffs, whether breach of contract, breach of trust, third-party beneficiary or whatever, as the source of the plaintiffs' rights, none is federally created; all are ancient common law.

In Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510 (1955), where an unincorporated labor union brought suit on behalf of 4000 individual employees to have their claims for wages determined, the Supreme Court held that there was no federal-question jurisdiction because the union was seeking to enforce uniquely personal rights. See also Consolidated Laundries Corp. v. Craft, 185 F.Supp. 631 (S.D.N.Y.1960). In the present case similar rights are claimed as a basis for federal jurisdiction where the employees are suing individually on their own behalf.

The later case of Textile Workers v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), while apparently effecting substantial changes in the position of the federal courts in the labor law field, in no way limits the applicability of Westinghouse to the facts now before this court.

This is made clear not only by the majority decision in Lincoln Mills itself [1] but by the fact that International Association of Machinists v. Gonzales, 356 U. S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958) was decided after Lincoln Mills. In that case a former union member brought suit in a state court to recover damages for his illegal expulsion and for restoration to membership. A judgment for the plaintiff was ultimately appealed to the United States Supreme Court on the question of whether the National Labor Relations Act deprived state courts of jurisdiction in such cases. It was held that state courts were not precluded from entertaining suits brought by individual union members. In delivering the opinion of the Court, Mr. Justice Frankfurter said:

"But the protection of union members in their rights as members from arbitrary conduct by unions and union officers has not been undertaken by federal law, and indeed the assertion of any such power has been expressly denied." 356 U.S. at 620, 78 S.Ct. at 925.

The defendants' contention that the Union's fiduciary duty to the plaintiffs grows out of its status as an exclusive bargaining agent authorized by § 9(a) of the Act, Title 29 U.S.C.A. § 159(a), and that, therefore, any suits for breach of said fiduciary duty arise out of the laws of the United States, is not tenable. Neither the language of the statute nor the prevailing case law support this claim. While no case on all fours has been found, the decisions in fairly similar cases brought by individual union members against the labor organization point to a lack of federal jurisdiction where the matter complained of does not constitute an unfair labor practice. And even where it has been assumed that the activity en-

---

1. Justice Douglas, in the course of writing the majority opinion in Lincoln Mills, recognized the distinction betwen suits seeking to enforce the uniquely personal rights of individuals, and suits between a labor union and an employer concerning disputes over provisions of the collective bargaining agreement and, therefore, within the ambit of § 301(a) of the Labor Management Relations Act of 1947. Textile Workers v. Lincoln Mills, supra, 353 U.S. at page 456, footnote 6, 77 S.Ct. at page 917.

gaged in by the union might constitute an unfair labor practice, state court jurisdiction has been upheld. International Association of Machinists v. Gonzales, supra; International Union, United Automobile, etc. Workers of America v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L. Ed.2d 1030 (1958). Here there has been no allegation that the Union's breach resulted from any activity which might be considered an unfair labor practice. Nor have the defendants been able to show how the issues in this case present anything other than the attempted enforcement of personal rights for which there are no federal remedies. If the state courts may exercise jurisdiction when an unfair labor practice is involved, how can it be said that the jurisdiction of the state court is not exclusive where, as here, no unfair labor practice is involved and, indeed, there is no explicit federal provision protecting the rights of individual union members in these circumstances? If there has been no preemption by the federal authorities where an unfair labor practice is involved, there is certainly no pre-emption in the absence of an unfair labor practice.

■■ The defendants also assert that there is federal jurisdiction because they are involved in activities affecting interstate commerce, but every claim by an employee of a corporation engaged in interstate commerce does not come within the scope of federal jurisdiction. Moses v. Ammond, 162 F.Supp. 866, 871 (S.D.N.Y. 1958); Dittmar v. Luckenbach S.S. Co., 156 F.Supp. 48 (E.D.N.Y. 1957). They claim federal jurisdiction on the ground that three counts of the complaint come within the scope of 29 U.S.C.A. § 185(a). However, the face of that statute shows that it applies only to suits for violation of contracts "between an employer and a labor organization * * * or between * * * labor organizations" and not to actions by individual employees to enforce uniquely personal rights. For the same reason Underwood Corp. v. Local 267 IUE, D.C., 171 F.Supp. 102 (1957) and Ingraham Co. v. Local 260 IUE, D.C., 171 F.Supp. 103 (1957), both decided by this court, are readily distinguishable.

■■ The defendants seek to create a basis for federal jurisdiction by alleging discrimination, thereby endeavoring to bring this case under § 159(a) of U.S. C.A., Title 29 by analogy with the national Railway Labor Act, 48 Stat. 1185 (Title 45 U.S.C.A. § 151 et seq.) and cases which applied it: Steele v. Louisville & Nashville R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944) and Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944). These cases concerned discrimination on the basis of race or color.

While it is easily perceived that practices which would be unconstitutional if engaged in by the government are similarly prohibited when engaged in by an entity granted privileged status by that government, it is virtually impossible to categorize activities by similar entities as matters of federal import where such activities do not even arguably approach the dignity of constitutional questions and are neither prohibited nor privileged by federal law. The essence of plaintiffs' complaint as regards the Union is not that plaintiffs have been discriminated against on an arbitrary basis unrelated to the normal and ordinary criteria by which wages and seniority are fixed, but simply that plaintiffs were entitled to and would have received additional benefits had the Union performed its duties in the proper manner.

The defendants claim on this ground must also be rejected.

A suggestion was made of the existence of jurisdiction based upon diversity of citizenship but no such ground was alleged in the removal petition and no statement of the essential jurisdictional facts was made in it.

The motion to remand is granted.