In the Matter of the Arbitration between
AUDI NSU AUTO UNION AKTIENGE-
SELLSCHAFT, Petitioner,

v.

OVERSEAS MOTORS, INC., Respondent.

Civ. A. No. 6–71054.

United States District Court,
E. D. Michigan, S. D.

Aug. 9, 1976.

Burt Burgoyne, Detroit, Mich., for petitioner.

Wilfrid L. Burke, Detroit, Mich., for respondent.

## MEMORANDUM OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION

PHILIP PRATT, District Judge.

The petitioner herein commenced this action petitioning this Court to confirm a foreign arbitration award. The respondent has now moved to dismiss this petition. As the respondent's primary ground is an alleged lack of jurisdiction in this Court, this motion will be treated as one under F.R. C.P. 12(b)(6), treating the petitioner's allegations as true for purposes of the motion.

### BACKGROUND

In 1968 the petitioner and respondent entered into an agreement involving the sale and importation of certain of petitioner's foreign automobiles into the United States (hereinafter "The Agreement"). That Agreement provided for mandatory arbitration of any disputes, controversies or diffi-

culties which might arise out of or in connection with the Agreement.[1]

In 1972 a dispute arose between the parties over the Agreement. The petitioner then called upon the respondent to submit the dispute to arbitration pursuant to the Agreement and asked the respondent to appoint its arbitrator. This the respondent refused to do, and the Presiding Justice of the Superior Court of the Canton of Zurich appointed one in their stead.

Thereafter the panel of appointed arbitrators held hearings and on May 24, 1973 entered an award in favor of the petitioner. Further evidence was considered important, and a "supplemental award" was subsequently entered, also in favor of the petitioner. All arbitration proceedings were conducted in the city of Zurich, Switzerland.

As the United States, Switzerland and the Federal Republic of Germany are all contracting states under the Convention on the Recognition of Foreign Arbitral Awards, codified in 9 U.S.C. § 201–208 (hereinafter "The Convention") which awards are considered final and binding, and since no payment had been made by the respondent, the petitioner asked this Court for an order confirming the Award and the Supplemental Award and directing that judgment against the respondent be entered in such amount pursuant to 9 U.S.C. § 207. The respondent now moves to dismiss this petition, arguing (1) that the petition must fail because the arbitration agreement lacks an express "section 9 recitation" (9 U.S.C. § 9) without which this Court lacks jurisdiction to confirm the award; (2) that the Convention cannot supercede that requirement for to do so would result in a constitutionally impermissible retroactive application of a statute (i. e., forbidden under the Contracts Clause); and (3) that the petitioner failed to exhaust his remedies under the existing Friendship, Commerce and Navigation Treaty ("FCN")

with Germany, which, he contends, must be exhausted before confirmation is proper.

## DISCUSSION

### I.

■ The respondent appears to argue, at least by implication, that this Court should not entertain the petition because of respondent's previous litigation in which it sought to restrain arbitration. The Court would merely note that after two years of protracted litigation, the federal district court in 1973 entered a verdict for the defendant therein, *Audi, Overseas, Inc. v. Import Motors et al.,* 375 F.Supp. 499 (D.C. Mich.1974), that that decision was appealed to the Sixth Circuit which affirmed the lower court, 519 F.2d 119 (6th Cir. 1975), *cert. denied,* 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 304 (1975). It would therefore appear settled that the arbitration procedure was properly invoked and may not constitute a basis for defeating jurisdiction of this Court.

### II.

■ Nor does the Court find any problem of lack of reciprocity that would preclude application of the Convention. Note 10 to that Convention (see 9 U.S.C.A. § 201, Cum. 1976, p. 58) reciting the German declaration states that:

"...  The Federal Republic of Germany will apply the Convention only to the recognition and enforcement of awards made *in the territory* of another contracting State." (Emphasis added).

West Germany, Switzerland and the United States are all Contracting States and as the arbitration and award took place in Switzerland, it would be recognized by West Germany and also enforceable in the United States.

### III.

■ The respondent asserts a restrictive interpretation of the venue provision, § 204

---

1. Section (1) of the Contract reads as follows: "All disputes, controversies or differences which may arise out of or in relation to or in connection with this contract including its

legal validity and the continued effectiveness after termination shall be decided finally and binding upon the parties disbarring legal actions, by a court of arbitration."

which, he argues, makes the Convention inapplicable to this arbitrated dispute. The Court must conclude that the respondent misreads that section, which provides for alternative federal court jurisdiction in (1) the district in which such action, absent arbitration procedures, could be brought *or* (2) any district "designated in the Agreement as the place of arbitration if such place is within the United States." *Id.* The Eastern District of Michigan is a proper venue in this case since the respondent is incorporated in Michigan and has its principal place of business there and thus it falls under the first alternative which provides jurisdictional situs regardless of the place of arbitration.

### IV.

The respondent's primary argument contesting this Court's jurisdiction is premised on a restrictive interpretation of the federal Arbitration Act, specifically 9 U.S.C. § 9 which, it argues, "provides that the confirmation and entry of judgment is appropriate only where the parties 'in their agreement have agreed that a judgment of the Court shall be entered upon the award . . . ,'" and that no such clause was incorporated into the Agreement between the parties.

The petitioner replies that such a construction of the statute is strained and inconsistent with a correct reading of the venue provision, 9 U.S.C. § 204 and the jurisdictional grant in 9 U.S.C. § 207.

In support of its position the respondent relies heavily on *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424 (2d Cir. 1974); *Varley d/b/a Varley Textile Assoc. v. Tarrytown Assoc.,* 477 F.2d 208 (2d Cir. 1973); and *Lehigh Structural Steel Co. v. Rust Engineering Co.,* 61 U.S.App.D.C. 224, 59 F.2d 1038 (1932) *cert. den.* 287 U.S. 626, 53 S.Ct. 80, 77 L.Ed. 543.

The factual circumstances of *Lehigh, supra,* indicate that the contract provided for the arbitration of controversies and that "the decision of any two [of the three selected arbitrators] of whom shall be binding." The facts disclose some irregularity as to the agreement of the arbitrators, but the court based its holding on the lack of any stipulated agreement that court judgment could be entered on the award.

*Varley v. Tarrytown Assoc., supra,* was decided over 40 years later; however, it also adhered to the rule that the parties' agreement must indicate mutual consent to the entry of judgment on the award, stating:

> "The Act provides that confirmation of an arbitration award is appropriate only where the parties 'in their agreement have agreed that a judgment of the court shall be entered upon the award . . .' 9 U.S.C. § 9. There was no such explicit agreement here but only a clause providing for the settlement of controversies by arbitration pursuant to the rules of the American Arbitration Association. While this is sufficient to incorporate the rules into the agreement . . . , *there is nothing in the rules which indicates that the parties thereby consent to the entry of judgment upon an award.*" (Emphasis added).

While the court there held against jurisdiction to confirm the award, it is noteworthy that it suggests that something *less* than the wording of § 9 might have sufficed, i. e., the outcome might have been different if the A.A.A. Rules had indicated consent of the parties to court judgment.[2]

That suggestion was voiced in *I/S Stavborg, supra.* In *Stavborg* the parties' contract contained an arbitration clause (Clause 37) under which all disputes would be put to arbitration in New York City and "[T]he decision of any two of the three [arbitrators] on any point or points shall be final." The appellant challenged the district court's jurisdiction to enter judgment on the award, citing § 9 and *Varley.* However, the Second Circuit held that "the language of Clause 37, coupled with the conduct of appellant here, was sufficient to

---

**2.** It is also noteworthy that neither *Lehigh* or *Varley* dealt with the application of the Convention or its interface with the Arbitration Act, which is necessarily implicated here.

confer jurisdiction on the district court to enter judgment on the award . . ."[3] It stated:

"It is true that clause 37 does not contain any *explicit* agreement by the parties to entry of judgment on an arbitral award. The question for us is whether that omission precludes the implication, from conduct, of consent to such entry. *Varley, of course, did not hold that consent must be explicit within the arbitration clause itself or even in some document incorporated therein by reference*. . . . The problem for appellee in *Varley* was that the 'rules' there made no reference whatsoever to entry of judgment; . . ." (Emphasis added). 500 F.2d at 426.

The court went on to consider the effect of the "finality" language in the clause:

"The second clause clearly expresses the intent of the parties that the arbitrator's decision as expressed in the award was to be 'final.' Whatever 'final' means, it expresses the intent of the parties that the issues joined and resolved in the arbitration may not be tried de novo in any court, state or federal. *Thus, the only point open for conjecture by clause 37 is whether the parties intended for judgment to be entered in a federal, as opposed to a state, court.*" (Emphasis added). 500 F.2d at 427.

The Second Circuit therefore had no trouble concluding from the "finality" language that the parties had consented to the entry of judgment. The only ambiguity was the forum and for that the court looked to the conduct of the parties and noted that the power of the federal court was invoked twice by the parties.

██ In the present case the Court concludes that Section 1 of the Contract, which states that the arbitral decision "shall be decided finally and binding upon the parties," does indicate consent of the parties to entry of judgment by a court and as in *Stavborg, supra,* the conduct of the parties here (i. e., the attempt to invoke federal jurisdiction by *this respondent in the prior case* and the present invocation of this Court's power by the petitioner) is some indication that a federal forum is preferred.

Indeed such a conclusion seems inescapable if the "final and binding" language of the Contract is to be given effect. Nor does the Court find merit in the respondent's contention that the following phrase "disbarring legal actions" found in the arbitration clause must be accorded an all-encompassing interpretation which bars even judgments on the award. Such an interpretation is neither reasonable nor consistent with the "final and binding" language.

██ As the Court concludes that the arbitration clause in question does manifest consent to the judgment on the arbitral award by the parties, it need not reach the issues of (1) whether the provisions of the Convention, as codified in 9 U.S.C. § 201 et seq. do away with the § 9 consent to judgment requirement, and (2) whether such statutory modifications result in an impermissible retroactive effect as applied here. The Court finds the respondent's exhaustion of F.C.N. Treaty remedies argument to be without merit.

For these reasons the respondent's motion to dismiss the petition is hereby denied.

IT IS SO ORDERED.