In the Matter of the Arbitration between

**Walter A. DORN Individually and as Representative of Former Stockholders in Dorn's Transportation, Inc., Claimant-Petitioner,**

and

**DORN'S TRANSPORTATION, INC. and Oneida Motor Freight, Inc., Respondents-Respondents.**

No. 82 Civ. 7764 (KTD).

United States District Court,
S.D. New York.

April 27, 1983.

---

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for claimant-petitioner Walter A. Dorn; Scott M. Univer, New York City, of counsel.

Zelby & Burstein, New York City, for Oneida Motor Freight, Inc. and Dorn's Transp., Inc.; Herbert Burstein, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Walter Dorn, a New York resident, petitions the court under section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (1976), to confirm and enter judgment upon an arbitration award. Because I find that the court lacks subject matter jurisdiction to entertain the petition, the petition is dismissed.

In March, 1981 Walter Dorn, then Chief Executive Officer and principal stockholder of Dorn's Transportation, Inc., a New York corporation, agreed on behalf of himself and the minority shareholders to sell Dorn's Transportation to Oneida Motor Freight, Inc. ("Oneida"), also a New York corporation. Oneida received the stock of Dorn's Transportation on September 17, 1981 but thereafter refused to pay Dorn the purchase price. Oneida alleged that Dorn had breached the contract of sale by failing to disclose a union pension fund's claim against Dorn's Transportation for "withdrawal liability" under the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381(a). When negotiations proved fruitless, Dorn demanded arbitration pursuant to the arbitration clause contained in the parties' contract. The New York State Supreme Court denied Oneida's application for a stay of arbitration. On November 5, 1982 a three-member panel of arbitrators ordered Oneida to pay Dorn "forthwith" a net total of $713,122.02.

Oneida has refused to·comply with the arbitrators' decision.

On November 24, 1982 Dorn filed the present petition to confirm the arbitration award. Oneida has responded to Dorn's petition by filing cross-motions to dismiss for lack of jurisdiction and to vacate the award. Oneida's jurisdictional argument is correct and the petition must be dismissed.

■ Neither the Federal Arbitration Act as a whole, *Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 408–09 (2d Cir.1959), *appeal dismissed,* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *Hamilton Life Ins. Co. of New York v. Republic Natl. Life Ins. Co.,* 291 F.Supp. 225, 232 n. 3 (S.D.N.Y. 1968), *aff'd,* 408 F.2d 606 (2d Cir.1969), nor section 9 separately thereof, *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *Paley Assocs., Inc. v. Universal Woolens, Inc.,* 446 F.Supp. 212 (S.D.N.Y.1978); *Bangor & Arostook R.R. v. Maine Central R.R.,* 359 F.Supp. 261 (D.D.C.1973), constitutes an independent grant of jurisdiction to the federal courts. Accordingly, a party seeking to invoke the remedies created by the Act must establish a basis for jurisdiction distinct from the Act's provisions. Most commonly, jurisdiction in Arbitration Act cases is founded upon diversity of citizenship, *see Robert Lawrence Co., supra,* 271 F.2d at 408–09; 13 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3569 at 469 (1980), but in some cases federal question jurisdiction may be present. Diversity jurisdiction is not available here, because all of the parties are either incorporated in or residents of New York. Dorn, however, contends that the court has both "interstate commerce" jurisdiction and federal question jurisdiction.

■ Dorn argues that the federal courts have jurisdiction to enforce any arbitration award deriving from a transaction in interstate commerce. This argument is plainly wrong. Although the Arbitration Act applies only to cases involving maritime transactions or interstate commerce, 9 U.S.C. § 2, proof that the parties' contract involved commerce does not by itself establish the independent federal jurisdiction required by the Act. *See, e.g., Ballantine Books, Inc. v. Capital Distrib. Co.,* 302 F.2d 17, 19 (2d Cir.1962). Dorn apparently would distinguish this case from most by arguing that interstate commerce "pervades" the Dorn-Oneida contract. Plaintiff emphasizes that both Dorn's Transportation and Oneida are engaged in interstate freight transportation, that both are regulated by the ICC, and that their contract of sale could not be executed without ICC approval. The argument, it seems, is that contracts between interstate carriers implicate federal interests so significantly that the federal courts have jurisdiction over any disputes (or arbitration awards) arising from such contracts.[1] The Second Circuit has already considered, and rejected, precisely that argument. *McFaddin Express, Inc. v. Adley Corp.,* 346 F.2d 424, 426–27 (2d Cir.1965), *cert. denied,* 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539 (1966) (No federal court jurisdiction over state-law contract dispute between two interstate carriers). *See also Amalgamated Assn. of Street, Electric Ry. & Motor Coach Employees v. Southern Bus Lines,* 189 F.2d 219 (5th Cir. 1951) (Jurisdiction held lacking in union's suit against regulated carrier to compel arbitration under 9 U.S.C. § 4).

■ Dorn also contends that the court has federal question jurisdiction under 28 U.S.C. § 1331(a). The petition to confirm the award, in and of itself, does not raise a federal question. Dorn argues, however, that the arbitrators, in rendering the award, necessarily construed the Multi-employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381(a). He argues that the award therefore implicates a federal question sufficient to establish jurisdiction. Oneida disputes Dorn's statement as to what the arbitrators "must"

1. Dorn never identifies the statute which confers jurisdiction over "interstate commerce" disputes. Presumably, however, Dorn is arguing for federal question jurisdiction under 28 U.S.C. § 1331(a).

have decided. Oneida argues that the arbitrators did not interpret the MPPAA, but decided only whether Dorn's failure to disclose a claim made against Dorn's Transportation under that statute constituted a breach of the parties' contract. I need not decide which party better analyzes the basis for the arbitrators' award, because even if the arbitrators did interpret the MPPAA, no federal question is present.

■ Although the boundaries of federal question jurisdiction are not clearly defined, the Supreme Court has established certain basic principles which serve to resolve this case. Thus the Supreme Court has held that "[t]o bring a case within [federal question jurisdiction], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Natl. Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). A federal right or immunity constitutes an essential element of the plaintiff's case only if it appears upon the face of his well-pleaded complaint. *Id.* at 113, 57 S.Ct. at 97. The federal issue must be raised by the plaintiff's own claim for relief; it is not sufficient that a federal question appears in the complaint as an anticipation of or reply to a probable defense. *Id. Accord, Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 128, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). *Cf. Giba v. International Union of Electrical, Radio & Mach. Workers,* 205 F.Supp. 553, 555 (D.Conn.1962) ("The mere fact that, in the course of a case, the federal law or Constitution must be interpreted or applied does not suffice; the right or immunity out of which the cause of action arises must itself have been federally created or granted."). Tested under these principles, Dorn's claim against Oneida raises no federal question. Had Dorn litigated rather than arbitrated his dispute with Oneida, his suit would have complained of Oneida's alleged breach of its contractual duty to pay the purchase price. Dorn's suit would thus have been grounded upon contract rights protected by state law and not upon any rights created or protected by federal law. The MPPAA could have entered Dorn's well-pleaded complaint only in anticipation of Oneida's probable defense that Dorn had breached by failing to disclose MPPAA liabilities. A lawsuit by Dorn against Oneida thus would not have been within federal question jurisdiction, and it follows that a petition to confirm an arbitration award entered in place of such litigation, regardless of whether the arbitrators interpreted federal law, also is outside federal question jurisdiction.

The petition is dismissed.

SO ORDERED.