**WESTSTAR ASSOCIATES, INC.,**
**Plaintiff, Appellant,**

v.

**TIN METALS COMPANY,**
**Defendant, Appellee.**

**No. 84-1632.**

United States Court of Appeals,
First Circuit.

Argued Dec. 6, 1984.
Decided Jan. 8, 1985.

**6**

John B. Miller, Boston, Mass., with whom Gadsby & Hannah, Boston, Mass., was on brief for plaintiff, appellant.

David A. Schechter, Providence, R.I., for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and MALETZ,* Senior Judge.

PER CURIAM.

Appellant Weststar Associates, Inc. ("Weststar") appeals from a judgment by the district court dismissing its action against appellee Tin Metals Company ("Tin") for lack of jurisdiction. We reverse.

Weststar, a Massachusetts corporation, entered into a written contract with Tin, a Rhode Island corporation, to construct an addition to Tin's plant in Rhode Island. The contract provided that all disputes were to be decided by arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA Rules"). The contract further provided, "[t]he award rendered by the arbi-trator shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." Under Rule 11 of the AAA Rules, arbitration occurs at the specific locale requested by any party unless that locale is objected to by the other party within seven days. The AAA Rules further provide that "[p]arties to these Rules shall be deemed to have consented that judgment upon the award rendered by the arbitrator(s) may be entered in any Federal or State Court having jurisdiction thereof."

A dispute over payment arose between the parties. On July 22, 1982, Weststar filed a demand for arbitration under the AAA Rules, requesting arbitration in Boston, Massachusetts. Tin did not object to the Boston locale, and arbitration proceedings were held in Boston in which both Weststar and Tin participated. The Boston arbitration proceedings lasted over ten months, during the course of which Tin presented a counterclaim against Weststar. On May 16, 1983, the arbitrator issued an award of $21,865.44 in favor of Weststar, which was reissued on August 19, 1983 in light of Tin's requests for clarification.

On September 13, 1983, Weststar applied to the Suffolk Superior Court in Massachusetts for an order confirming the award. Although notified, Tin did not file an appearance. The superior court issued a default judgment confirming the award. Tin's counsel thereafter advised Weststar that the judgment was invalid for lack of jurisdiction over Tin, as Tin did not conduct any business in Massachusetts nor was it involved in any transaction within the state, other than the arbitration proceeding. Because Section 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982), requires confirmation actions to be brought within one year, and because it was concerned about the status of the state court judgment of confirmation, Weststar then brought the present action in the United States District Court for the District of Massachusetts seeking an additional confirmation of the award. Tin, appearing

---

* Of the United States Court of International Trade, sitting by designation.

through counsel, filed an affidavit in the district court to the effect that it did no business and had no property or other contacts in Massachusetts. On May 10, 1984, the district court denied confirmation and dismissed the complaint on the ground that it did not have personal jurisdiction over Tin. Weststar's request for reconsideration was denied on June 22, 1984. This appeal followed.

We need not discuss all the arguments raised by Weststar in its brief, for we find that one of them is enough to dispose of this appeal. Weststar argues that the district court had jurisdiction over appellee by virtue of section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. That statute states, in essence, that if the parties do not agree to a particular court, application to enforce an award "may be made to the United States court in and for the district within which such award was made." [1] In its memorandum, the district court rejected the argument that this statute conferred personal jurisdiction, relying on *Dorn v. Dorn's Transportation, Inc.*, 562 F.Supp. 822 (S.D.N.Y.1983).

That case, however, is distinguishable, as it involved an arbitration between two New York residents rather than between the citizens of different states. The *Dorn* court ruled that the Federal Arbitration Act could not confer subject matter jurisdiction upon a federal court in the absence of some independent basis, such as diversi-ty of citizenship, for federal jurisdiction. *Id.* at 824.

But the present case involves only the issue of personal jurisdiction, inasmuch as the amount of the award, over $10,000, and the diversity of citizenship between the parties, provide an independent basis for federal subject matter jurisdiction.[2] And 9 U.S.C. § 9 was precisely meant to enable the district court for the district within which the award was made to exercise personal jurisdiction over the parties to the award. *See City of Naples v. Prepakt Concrete Co.*, 490 F.2d 182, 184 (5th Cir.), *reh. denied*, 494 F.2d 511, *cert. denied*, 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974); *Reed & Martin, Inc. v. Westinghouse Electric Corp.*, 439 F.2d 1268, 1276–77 (2d Cir. 1971). Tin consented to the jurisdiction of the district court by agreeing to settle any disputes arising out of the contract according to the AAA Rules, which, as we have seen, provide that a party shall be deemed to have consented to the enforcement of the award in any state or federal court having jurisdiction thereof. Although the contract did not specify the place where the arbitration would take place, *cf. Wydel Associates v. Thermasol, Ltd.*, 452 F.Supp. 739, 741 (W.D.Tex.1978), Tin consented to the Boston locale by not objecting, as provided in Rule 11, and by itself participating in the arbitration. The occurrence of the arbitration in Boston was clearly an event of sufficient significance to allow Congress to provide for enforcement in the District

---

**1.** The text of this section is as follows:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had ap-peared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**2.** In *Dorn*, the court specifically commented that,

Most commonly, jurisdiction in Arbitration Act cases is founded upon diversity of citizenship ....

562 F.Supp. at 824.

of Massachusetts, and there is no question but that Tin was adequately notified and served with process. In these circumstances, and given the independent basis for federal subject matter jurisdiction, the district court clearly had jurisdiction under the express language of section 9 to enforce the award against Tin. *See Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1272–73 (7th Cir.1976); *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424, 426 (2d Cir.1974); *Reed & Martin*, 439 F.2d at 1276–77; *Dan River, Inc. v. Cal-Togs, Inc.*, 451 F.Supp. 497, 501 (S.D.N.Y.1978); *Paley Associates, Inc. v. Universal Woolens, Inc.*, 446 F.Supp. 212, 214 (S.D.N.Y.1978).

Having found that personal jurisdiction over Tin existed under 9 U.S.C. § 9, we need not address appellant's alternative argument that personal jurisdiction was also available under Mass.Gen.Laws ch. 251, § 16 (Supp.1983).[3] *Cf. Kearsage Metallurgical Corp. v. Peerless Insurance Co.*, 383 Mass. 162, 418 N.E.2d 580 (1981).

*Reversed and remanded for further proceedings not inconsistent herewith.*

See also, 367 A.2d 1320, N.H.; 579 F.2d 95, 1 Cir.

**3.** This statute provides:

The term court means any court of competent jurisdiction of this state. The making of an agreement described in section one providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereunder.