**Brian HIGGINS and National Post Office Mail Handlers, Watchmen, Messengers, and Group Leaders Division of the Laborers' International Union of North America, AFL–CIO, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. No. 86–0318–P.**

United States District Court, D. Maine.

Feb. 11, 1987.

**740**

John W. Chapman, Portland, Me., for plaintiffs.

David R. Collins, Asst. U.S. Atty., Portland, Me., Howard J. Kaufman, U.S. Postal Service, Washington, D.C., for defendant.

MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SANCTIONS

GENE CARTER, District Judge.

Currently before the Court are a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and a Motion for Sanctions, filed on December 10, 1986 by Defendant United States Postal Service. The motions were filed in response to an Application for Confirmation of the Arbitrator's Award of July 2, 1986, filed on October 3, 1986 by Plaintiffs Brian Higgins, a Postal Service employee, and the National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North America, AFL–CIO (National Union).

The factual underpinnings of the dispute between Higgins and the Postal Service or its eventual resolution through the grievance-arbitration provisions of the collective bargaining agreements between the Postal Service and the National Union are not relevant to the motions currently before the Court. It is sufficient to state that the arbitration award that Plaintiffs seek to confirm has reinstated Higgins to his position with the Portland Post Office from which he had been dismissed in the summer of 1985. The parties agree that the Postal Service is presently in compliance with the award.

Defendant places three arguments before the Court in support of its motions: one, the Court lacks subject matter jurisdiction to confirm the award; two, Plaintiff Higgins and the local union lack standing to request confirmation of the award;[1] and three, Plaintiffs' action is frivolous, rendering the imposition of sanctions appropriate under Rule 11 of the Federal Rules of Civil Procedure.

I.

The Court turns first to Defendant's argument regarding subject matter jurisdiction since a decision on that ground would be dispositive of the entire controversy. Defendant advances what is in effect a two-part argument under section 9 of the United States Arbitration Act (the Act), ch. 213, § 9, 43 Stat. 885 (1925), enacted by ch. 392, § 9, 61 Stat. 672 (1947) (codified at 9 U.S.C. § 9 (1982)).[2] Defendant argues that: one, section 9 prohibits confirmation of arbitration awards unless the parties

---

1. Subsequent to the parties' submissions regarding the present motions, Plaintiffs have filed with the Court a letter of authorization from the National Union which apparently moots the standing arguments advanced by Defendant. Because the Court renders no decision on the issue of standing, the Court does not reach the question of whether the authorization is sufficient.

2. That provision provides in pertinent part:
   If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made....
   9 U.S.C. § 9 (1982).

have provided for court confirmation in their agreement; and two, Plaintiffs have not pleaded any basis of jurisdiction independent from section 9 inasmuch as any independent statutory basis for jurisdiction pleaded or advanced in argument by Plaintiffs fails to encompass a dispute between the parties. The Court is persuaded that Plaintiffs are not entitled to the relief requested under section 9 of the Act because they have not satisfied the necessary statutory prerequisite for that relief. Nevertheless, the Court believes that a discussion of both parts of Defendant's argument would best explain the Court's decision.

Section 9 of the Act empowers the Court to award relief in the form of confirmation. 9 U.S.C. § 9. This power to award relief under section 9 must not be confused, however, with the separate issue of subject matter jurisdiction.[3] No less an authority than the United States Supreme Court has described the Act as "something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983) (citations omitted) (construing sections 3 and 4 of the Act). Plaintiffs concede that section 9 does not create any independent jurisdiction, and the Court agrees that this is the proper view of section 9 despite the differences in statutory language between section 9 and sections 3 and 4 of the Act. *See, e.g., Dorn*

*v. Dorn's Transp.*, 562 F.Supp. 822, 824 (S.D.N.Y.1983) (citing cases); 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3569, at 171 (1984) (discussing the language of section 9); *see also Weststar Assoc. v. Tin Metals Co.*, 752 F.2d 5, 8 (1st Cir.1985) (noting, in a discussion of personal jurisdiction over the parties, that independent basis for subject matter jurisdiction gave district court jurisdiction under section 9 of the Act to enforce the award); *United Elec. Radio & Mach. Workers v. Worthington Corp.*, 236 F.2d 364, 371 (1st Cir.1956). The Court turns, therefore, to the grounds upon which Plaintiffs assert subject matter jurisdiction in this Court.

In their Complaint, Plaintiffs have alleged federal question jurisdiction based on the following statutory provisions: 9 U.S.C. § 9; 39 U.S.C. § 1206(b), and 28 U.S.C. § 1339. The theory of recovery apparently advanced by Plaintiffs is that 28 U.S.C. § 1339 gives the district courts original subject matter jurisdiction of civil actions arising under acts of Congress that relate to the Postal Service and that 39 U.S.C. § 1206, authorizing the collective bargaining agreement, is the act of Congress that creates an independent statutory basis of jurisdiction. *Cf. O'Connor v. Yezukevicz*, 589 F.2d 16, 18–19 (1st Cir.1978) (finding no independent statutory basis of jurisdiction where postal employee was not a permanent employee of the Postal Service within the protection of 39 U.S.C. § 1001(b)).

Recognizing, perhaps, that the Complaint fails to set forth sufficiently a federal issue as an essential element of their case, *see,*

---

**3.** Most federal courts, including this Court, use the term "jurisdiction" to convey two analytically distinct meanings. The general meaning encompasses all aspects of judicial action, including the power over the type of case before the court, the power over the particular parties before the court, and the power to award the relief requested. *E.g., Black's Law Dictionary* 766 (5th ed. 1979). This is the meaning of "jurisdiction" used by this Court in its prior analysis of the Arbitration Act. *Architects Collaborative, Inc. v. President & Trustees of Bates College*, 576 F.Supp. 380, 382–83 n. 1 (D.Me.1983) ("This construction of the Massachusetts Act obviates any need to consider the question of whether

... a state legislative body could oust the federal courts of jurisdiction expressly conferred on them by 9 U.S.C. §§ 1, *et seq.....*").

A more limited meaning of "jurisdiction" is of particular importance to the federal judicial system—it is jurisdiction in the sense of Article III jurisdiction, or subject matter jurisdiction. Under this meaning of jurisdiction, plaintiffs must establish that their case or controversy falls within one of the specific congressional grants of jurisdiction as permitted by Article III. Subject matter jurisdiction under the Act is most commonly founded on diversity of citizenship; also, some cases may present a federal question.

*e.g., Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), Plaintiffs have alleged in their memorandum of law that the employment controversy between the parties is a violation of a labor contract within the meaning of 39 U.S.C. § 1208(b) or, in the alternative, of 29 U.S.C. § 185(a). In the interests of judicial economy and without specifically deciding the issue, the Court believes that given the opportunity to amend their pleadings, Plaintiffs could establish federal question jurisdiction. The Court prefers, however, not to devote substantial space to this analysis because it finds that even if it were to resolve the jurisdictional issue in Plaintiffs' favor, that resolution would not be dispositive given that Plaintiffs would not be entitled to the relief requested.[4]

## II.

Defendant has focused its argument, quite properly in the Court's view, on the infirmities underlying the request for relief under section 9 of the Act. Section 9 empowers the Court to enter an order confirming an arbitration award. The order of confirmation, however, is merely a statutory procedure that gives the award the full force and effect of a judgment of the court. 9 U.S.C. § 13; *see generally* 5 Am. Jur.2d *Arbitration & Award* § 161 (1962). Because the right to confirmation is created by statute, "[t]here must, of course, be compliance with the statute in order to authorize enforcement of the award by the entry of summary judgment." § 161, at

639 (footnote omitted). The right to confirmation does not, however, affect the validity of the award; it merely determines the method of any subsequent enforcement. Defendant argues that a prerequisite to the Court's ability to confirm the award is an agreement between the parties that a judgment of a court shall be entered on the award. Such is clearly the plain meaning of the statutory language. Defendant points out that the collective bargaining agreement between the parties is silent regarding possible confirmation of arbitration awards. Moreover, the affidavit of George S. McDouglad filed by Defendant asserts that court confirmation of awards has never been proposed, agreed to, or provided for by the parties. Plaintiffs' affidavit does not dispute this factual assertion. Consequently, the Court must find that there is no genuine issue of material fact as to the parties' intent regarding confirmation—the parties neither contemplated nor agreed to confirmation.

Despite the complete absence of any facts evidencing an agreement between the parties to have a judgment of any court entered upon the award, Plaintiffs nevertheless assert that the language in the parties' arbitration agreement that the arbitrator's decision "will be final and binding" is sufficient to confer upon the Court the power to award the relief requested. Plaintiffs rely on *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 426–27 (2d Cir.1974), and *Marine Transit Corp.*

---

**4.** Defendant raises an interesting issue regarding the case or controversy aspect of subject matter jurisdiction. In essence, Defendant argues that if both parties honor their agreement to arbitrate and subsequently comply with the arbitration award, then there is no dispute between the parties and hence no subject matter jurisdiction. The Court notes that in most cases under section 9 of the Arbitration Act, one party resists compliance with the award. Consequently, the cases mention a refusal to comply with the arbitrator's decision as a component of the necessary controversy between the parties. *See, e.g., Division 1287, Amalgamated Transit Union v. Kansas City Area Transp. Auth.,* 485 F.Supp. 856, 862 (W.D.Mo.1980) (discussing federal question jurisdiction). Although such a dispute may be present in many section 9 confirmations, the Court does not believe that a dis-

pute as to the validity of the award is a prerequisite to confirmation. Instead, confirmation is the last step in the resolution of the underlying dispute between the parties; it is this underlying dispute that constitutes the necessary controversy. *But see Derwin v. General Dynamics Corp.,* 719 F.2d 484, 491–92 (1st Cir.1983) (construing state statutes of limitations governing confirmation action removed to federal court).

Plaintiffs have also requested, in their memorandum of law, permission to amend their pleadings to state a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. There being no motion before the Court, the Court does not reach the issue, nor does it offer an opinion as to whether Plaintiffs could state a claim meeting the case or controversy requirement for declaratory relief.

*v. Dreyfus*, 284 U.S. 263, 276, 52 S.Ct. 166, 169, 76 L.Ed. 282 (1932), for this assertion.

*Stavborg* and *Dreyfus* are, however, clearly distinguishable from the present case. In *Dreyfus*, the parties had not agreed to court confirmation. 284 U.S. at 276. Nevertheless, before the parties had submitted to arbitration, Dreyfus had begun an admiralty action under section 8 of title 9. *Id.* at 268, 52 S.Ct. at 167. Section 8 specifically provides that the court, once it has before it a claim otherwise justiciable in admiralty, has the power both to compel arbitration and to enter judgment on the award. 9 U.S.C. § 8. In fact, the Supreme Court noted that "the District Court entered its decree upon the award against that corporation *under the authority ex-, pressly conferred by § 8.*" 284 U.S. at 276, 52 S.Ct. at 169 (emphasis added). This Court believes that the Supreme Court's reference to the parties' stipulation "that the award should be 'final and binding,'" *id.*, merely indicated that the Court found that the parties had not contemplated any *de novo* litigation of the same issues once an award was rendered: thus the finality of the award supported the Court's conclusion that entry of judgment occurred at the appropriate time in the controversy.

*Stavborg* is similarly distinguishable. There, the Court of Appeals for the Second Circuit inferred an agreement for entry of judgment from the following circumstances: one, the parties had agreed both to arbitrate and to submit to process in New York; two, the parties had agreed that the award would be final; three, the controversy was governed by federal maritime law thus rendering federal law the appropriate substantive law; four, and most importantly, the parties had invoked the jurisdiction of the federal court both to appoint one arbitrator and to attempt to vacate or modify the award. 500 F.2d at 426–27. It was from this course of conduct that the court found an implied agreement that judgment could be entered. *Id.* The Second Circuit specifically noted that it was not deciding whether the language of the agreement would have been sufficient, standing alone, to bring the controversy within the Act. *Id.* at 425–26 & n. 1. A finding on this ground, moreover, would have required a reversal of *Varley v. Tarrytown. Assoc.*, 477 F.2d 208 (2d Cir.1973), in which the Second Circuit had held that the explicit language of section 9 requires a specific agreement regarding entry of judgment. *Id.* at 210.

*Stavborg* is, therefore, best viewed as falling within one of two narrow exceptions created by the courts to the section 9 requirement that the agreement between the parties must provide for court confirmation. This exception provides that a court may confirm an award under section 9 absent an express agreement regarding confirmation only if the parties have previously invoked the jurisdiction of the court to supervise the arbitration in some way. *E.g., Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986) (finding that district court could confirm an award absent an express or implied agreement where the court had previously issued the equivalent of a motion to compel and thus retained jurisdiction to confirm); *accord Audi NSU Auto Union Aktiengesellschaft v. Overseas Motors, Inc.*, 418 F.Supp. 982, 984–85 (E.D.Mich.1976) (reading *Stavborg* to allow entry of judgment whenever the agreement to arbitrate provides that the award will be final and binding and relying on parties' prior resort to the federal court system as indicating that a federal forum was preferred).

The other exception is based on the *Varley* requirement that there must be a specific agreement to confirm. For instance, some courts have held that the specific agreement to confirm can be incorporated into the agreement to arbitrate through the rules upon which the arbitration is to be governed. *E.g., Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1272–73 (7th Cir.1976) (American Arbitration Association (AAA) rules, incorporated by reference in the arbitration clauses of the underlying contract, provided that parties shall be deemed to have consented to entry of judgment by any court having jurisdiction); *Paley Assoc. v. Universal Woolens,*

744

*Inc.*, 446 F.Supp. 212, 214 (S.D.N.Y.1978) (same finding); *cf. Kallen v. District 1199, Nat'l Union of Hosp. & Health Care Employees*, 574 F.2d 723, 724–26 (2d Cir.1978) (finding that submission to final and binding arbitration before the AAA was sufficient to allow court to deny employer's motion to vacate the award and to grant union's motion to confirm).

Some courts have, however, implied that the mere submission to binding arbitration by the parties, without more, is enough to allow the court to infer an agreement for the entry of judgment. *E.g., Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 388–90 (7th Cir.), *cert. denied*, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981) (finding that submission to final and binding arbitration was sufficient in and of itself to allow district court to enforce award where time has passed for compliance with award; enforcement action deemed to arise under section 9) (collecting cases); *Kallen*, 574 F.2d at 725–26; *Audi*, 418 F.Supp. at 985. Despite the broad language employed by these courts, the facts of the cases have fallen within one of the two recognized exceptions to the requirement of an express agreement. *E.g., Ingvoldstad v. Kings Wharf Island Enter., Inc.*, 593 F.Supp. 997, 1002 (D.V.I. 1984), *aff'd*, 770 F.2d 1071 (3d Cir.1985) (party asserting failure to comply with prerequisites of section 9 was same party who had brought original civil action in district court and had participated in the arbitration which district court had ordered).

Despite the expansion by the courts of the grounds under which section 9 is applicable, in those cases in which there are no ancillary agreements or understandings, express or implied, and no reliance on the court for supervision of the arbitration process or for enforcement of the arbitration agreement, those courts that have squarely considered the question have found that an agreement to enter judgment on the arbitration award is a necessary prerequisite to a claim for relief under section 9. *E.g., Division 1287, Amalgamated Transit Union v. Kansas City Area Transp. Auth.*, 485 F.Supp. 856, 859 (W.D.Mo.1980); *Hellman v. Program Printing, Inc.*, 400

F.Supp. 915, 917 (S.D.N.Y.1975) (relying on *Stavborg* ).

■ Plaintiffs have not alleged any conduct from which an agreement could be inferred under the *Stavborg* standard. In addition, the agreement to arbitrate between the parties does not incorporate by reference any rules, regulations, or format which might include an agreement for confirmation. Finally, the agreement to arbitrate contains no express agreement that the award is subject to being confirmed by any court. Consequently, Plaintiffs have failed to fulfill the prerequisite necessary for relief under section 9. They, therefore, fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reaching this decision, however, the Court has considered matters outside the original pleadings; therefore, Defendant's motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b).

### III.

■ Defendant has also requested that the Court impose sanctions under Rule 11 which requires that a pleading be "well grounded in fact and is warranted by existing law or a good faith argument for [its] extension ... and that it is not interposed for any improper purpose, such as ... to cause unnecessary delay." Fed.R.Civ.P. 11. It is clear that Plaintiffs' motion was not interposed for any improper purpose. Instead, Plaintiffs sought to reinforce their rights under the arbitration award. It is also clear to the Court that Plaintiffs' Application for Confirmation is adequately grounded in the factual record. In fact, the narrow issue before the Court was purely a legal one: whether existing precedent should be interpreted or extended to permit confirmation in this case. Although the Court's interpretation of this precedent is at sharp variance with that of the Plaintiffs, there was some support for Plaintiffs' position. Therefore, the Court refuses to impose sanctions. Such a use of Rule 11 would serve only to chill innovations in advocacy.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED; Defendant's Motion for Sanctions is DENIED.

So ORDERED.