929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard J. GALUSKA, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant-Appellee.
 Nos. 89-3607, 89-3804.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided March 29, 1991.
 
 Appeals from the United States District Court for the Northern District of Illinois, Eastern Division, No. 89 C 6623, Suzanne B. Conlon, Judge.
 N.D.Ill.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Richard J. Galuska appeals the dismissal of his suit in which he sought the adjudication of an arbitration award. The district court dismissed the action for lack of subject-matter jurisdiction, and we affirm.
 
 
 2
 On February 17, 1987, Galuska submitted a three-count claim against Merrill Lynch to arbitration before the National Association of Securities Dealers. Both parties submitted evidence over the course of four hearings before a panel of arbitrators. In May 1989 the panel issued its decision, dismissing two of the claims and awarding Galuska $12,504 plus interest on the third.
 
 
 3
 Galuska then filed this suit, seeking recovery of the money the arbitrators awarded and reinstatement of one of the two dismissed claims. He argued that Merrill Lynch had procured the dismissal of this claim through fraud and that the arbitrators had failed to afford him a fair hearing. The complaint cited the Federal Arbitration Act, 9 U.S.C. Sec. 9, and the federal venue statute, 28 U.S.C. Sec. 1391, as the jurisdictional bases of his suit. Merrill Lynch moved to dismiss the suit on grounds that the Federal Arbitration Act does not create federal jurisdiction.
 
 
 4
 Galuska replied that Sec. 9 of the Arbitration Act is a sufficient basis of federal jurisdiction. Galuska also contended that Merrill Lynch's "violation of securities laws and regulations ... raise federal questions" sufficient to establish federal-question jurisdiction. Although the securities law violations were not alleged in the complaint, Galuska contended that they "can be plead [sic] with more specificity if the Court so chooses." The district court, in a short minute order, dismissed the case for lack of subject-matter jurisdiction.
 
 
 5
 Galuska argues that the district court dismissed his case on "the technicality of failing to list the governing federal statutes" in his complaint.[1] Merrill Lynch responds that Galuska's deficiency was no technicality but went to the heart of his complaint: Galuska seeks to collect one part of the arbitration award and overturn another on grounds unrelated to any violation of the securities laws. While Merrill Lynch admits that the dispute involved "securities" in a broad sense, it contends that Galuska's tardy attempt to invoke jurisdiction through the federal securities laws is unavailing.
 
 
 6
 Galuska cites Colavito v. Hockmeyer Equipment Corp., 605 F.Supp. 1482, 1485 (S.D.N.Y.1985), for the proposition that the Arbitration Act confers subject-matter jurisdiction. Although Galuska reads Colavito correctly, this case is a sport: it differs significantly from its claimed progenitors[2] and has been cited as authority only once.[3] As Merrill Lynch notes, the consensus on the issue is that the Arbitration Act "does not create any independent federal-question jurisdiction under 28 U.S.C. Sec. 1331 or otherwise. ... [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction ... [for] enforcement of the Act is left in large part to the state courts". Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n. 32 (1983) (citation omitted); see also Southland Corp. v. Keating, 465 U.S. 1, 15 n. 9 (1984); New England Energy v. Keystone Shipping Co., 855 F.2d 1, 7 n. 6 (1st Cir.1988); Harry Hoffman Printing, Inc. v. Graphic Communications, 912 F.2d 608, 611 (2d Cir.1990); Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis, 849 F.2d 264, 265 n. 1 (7th Cir.1988); Northrop Corp. v. Triad Int'l Marketing S.A., 842 F.2d 1154, 1155 (9th Cir.1988). See generally Wright, Miller & Cooper, 13A Federal Practice and Procedure Sec. 3569 (1980 & Supp.1990).
 
 
 7
 Galuska's alternative claim that the complaint alleges securities law violations is without merit. Nowhere in the complaint does Galuska allege that Merrill Lynch violated federal securities laws. Galuska first alleged that Merrill Lynch failed to pay him the $12,000 the arbitrator awarded, but this has nothing to do with the securities laws--it is a claim to collect a debt. He then alleged that Merrill Lynch obstructed the discovery process and that the arbitration panel improperly conducted the hearing such that he was deprived of the ability to prove his claim. While these allegations may be cognizable under Sec. 10 of the Arbitration Act, Galuska first had to establish that the complaint was properly filed in federal rather than in state court. To do so, he had to establish an independent basis of federal jurisdiction. Galuska failed properly to invoke the jurisdiction of the federal court and his complaint was therefore correctly dismissed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeals are submitted for decision on the briefs and record
 
 
 [1]
 Galuska contends that his attorney became seriously ill and that this hindered counsel's ability to provide competent services to Galuska. The illness, however, apparently occurred in December 1989, one month after the district court dismissed the complaint and more than three months after the complaint was filed
 
 
 [2]
 Colavito cites Reed & Martin, Inc. v. Westinghouse Electric Corp., 439 F.2d 1268 (2d Cir.1971), but the parties in Reed & Martin were diverse. 439 F.2d at 1275-76. Colavito also cites Kallen v. National Union of Hospital & Health Care Employees, 574 F.2d 723 (2d Cir.1978), but in this case the court noted that independent federal-question jurisdiction existed and that it need not address whether the Arbitration Act could supply jurisdiction. 574 F.2d at 726 n. 6
 
 
 [3]
 In Compania Chilena de Navigacion Interoceanica, S.A. v. Norton, Lilly & Co., 652 F.Supp. 1512, 1514 (S.D.N.Y.1987), the district court cited both Colavito and Reed & Martin as authority for its holding that the Arbitration Act independently conferred jurisdiction to confirm an arbitration award. Any precedential value that these cases may have had has been eliminated by the Second Circuit's decision in Harry Hoffman Printing, Inc. v. Graphic Communications, 912 F.2d 608, 611 (2d Cir.1990)